**In re DUTCH FLAT INVESTMENT CO., Debtor.**

**Big Oak Flat Investment Co., Debtor.**

**Bankruptcy Nos. 4–80–01581W, 4–80–01582W.**

United States Bankruptcy Court, N. D. California.

Sept. 9, 1980.

Thomas C. Given, San Francisco, Cal., for moving party.

Daniel R. Cowans, San Francisco, Cal., for debtors.

## ORDER GRANTING MOTION TO DISMISS PROCEEDINGS

CAMERON W. WOLFE, Bankruptcy Judge.

The Motions of PERRY R. BASS, INC. to dismiss the above–captioned Chapter 11 cases were heard on August 7, 1980. Counsel agreed that identical issues are presented by the two Motions to Dismiss which, therefore, were heard and considered together. The Motions were submitted on the papers on file and the arguments of counsel.

Debtor corporations were formed on May 22, 1980, and filed their Chapter 11 petitions on May 27, 1980. The sole creditor scheduled in each case is BASS as holding secured notes with a total balance of $824,716. Each corporation stated that it had no unsecured creditors (amended July 29, 1980, to reflect an unsecured debt in each case of $600 to its accountants). The debtors' assets consist of promissory notes secured by deeds of trust on parcels of land in recreational subdivisions developed by debtors' predecessors with total balance of $1,229,159, all of which are pledged to BASS. Debtors have no employees and are conducting no business.

On July 18, 1980, BASS filed Motions to Dismiss on the grounds that debtors are unable to effectuate a plan and that the commencement of the Chapter 11 cases is an abuse of and imposition upon the jurisdiction of the Bankruptcy Court. Its supporting papers reflect that its notes by their terms came due on April 1, 1980, and that on May 8, 1980, it made written demand for payment in full and gave notice that it would commence action against the security unless payment was received by close of business May 20, 1980.

■ The court finds that subject Chapter 11 cases were not filed in good faith for the following reasons:

1. Debtor corporations were organized immediately prior to the filing of the petitions for the sole purpose of commencing these proceedings to forestall exercise by BASS of its rights as a secured creditor while avoiding submitting the assets of the parent entities to the jurisdiction of the court.

2. Debtors have no assets other than the equity, if any, in promissory notes pledged to BASS as security for BASS loans.

3. Debtors have no ongoing business, no employees and no unsecured creditors other than a nominal amount owed to their accountants.

4. There is no reasonable probability of a plan of arrangement being proposed and confirmed in that the sole creditor is the moving party herein and is fully secured, thus has no reason to consent to any arrangement and is expressing its adamant opposition to the proceedings.

The court concludes that both cases should be dismissed to prevent further misuse of the Chapter 11 remedy by debtors which are not bona fide business organizations filing for the purpose of accomplishing rehabilitation and reorganization of viable ongoing businesses, particularly where debtors have elected not to submit the actual entities in interest to the jurisdiction of the court thereby isolating the entities in interest from scrutiny and control of the court during the proceedings.

■ The primary basis for the foregoing conclusion is that under its general equitable powers and responsibilities this court should act to prevent abuse of its jurisdiction and misuse of a remedy provided by the Bankruptcy Code. 11 U.S.C. § 105 and 28 U.S.C. § 1481. Many cases have held that dismissal is proper when a dummy entity is created for the purpose of obtaining a stay. For example, see *In Re: PM Properties, a Limited Partnership,* 3 BCD 126 (C.D.Ca.1977); *In Re: Mallard Associates,* 463 F.Supp. 1259 (S.D.N.Y. 1979); *In Re: Joseph Mass,* 2 BCD 973 (D.Ma.1976); *Mongiello Brothers Co. v. Houghtaling Properties,* 309 F.2d 925 (5th Cir. 1962); *Milwaukee Postal Building Co. v. McCann,* 95 F.2d 948 (8th Cir. 1938). The court concurs with Judge Norton's conclu-

sion that the law in this regard is in no way changed by the Bankruptcy Reform Act of 1978. *In Re: Northwest Recreational Activities, Inc.*, 4 B.R. 36, 6 BCD 164 (Bkrtcy. N.D.Ga.1980).

Dismissal also is called for upon the ground that debtors cannot propose a plan which has a reasonable possibility of confirmation. While it is true that normally dismissal should not be ordered prior to the proposal of a plan and action upon it by creditors, *Sumida v. Yumen*, 409 F.2d 654 (9th Cir. 1969), in this case debtors concede that the entire secured debt is due and payable and that the only plan which could be proposed would be payment in full. Under such circumstances, the maintenance of Chapter 11 proceedings is unnecessary and they should be dismissed. 11 U.S.C. § 1112(b)(2); *In Re: Northland Construction Co.*, 2 BCD 1598, Aff'd 560 F.2d 756 (7th Cir. 1977); *Mongiello Brothers Co. v. Houghtaling Properties*, 309 F.2d 925 (5th Cir. 1962); *Milwaukee Postal Building v. McCann*, 95 F.2d 949 (8th Cir. 1938); *Northwest Recreational Activities, Inc.*, 4 B.R. 36, 6 BCD 164 (Bkrtcy.N.D.Ga.1980).

An additional ground for dismissal is the absence of unsecured creditors. Filing of a Chapter 11 case by a petitioner with no bonafide unsecured creditors was found to be an attempt to abuse the jurisdiction of the court and the stay was lifted (the equivalent of dismissal) in the case of *In Re: Groundhog Mountain Corp.*, 1 BCD 923 (S.D.N.Y.1975). The court is not impressed with the debtors' argument that the proceedings are justified as they may be able to propose and obtain confirmation of a plan arranging their debt to a single unsecured debtor in each case in the amount of $600 owing to their accountant. Debtors' President testified that the parent corporations which have ongoing businesses are paying all of the expenses of debtors including retainer fees to counsel totaling $22,000. Obviously, there is no necessity to conduct Chapter 11 proceedings for these corporations to deal with a $600 obligation.

Finally, dismissal of the cases clearly is in the best interest of the sole creditor, the moving party herein, 11 U.S.C. § 1112(b). The causes for dismissal specifically enumerated in that subsection are not exclusive. 11 U.S.Code § 102(3); *Northwest Recreational Activities, Inc.*, supra; *Northland Construction Co.*, supra. The legislative history confirms the authority of the court to act under such circumstances as is made clear by the following language:

"Subsection (b) gives wide discretion to the court to make an appropriate disposition of the case *sua sponte* or upon motion of a party in interest, or the court is permitted to convert a reorganization case to a liquidation case or to dismiss the case, whichever is in the best interest of creditors, but only for cause. Cause may include [here the nine specific grounds enumerated in subsection (b) are referred to] . . . This list is not exhaustive. The court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." Senate Report No. 95–989 95th Cong. 2d Sess. (1978) p. 117, U.S.Code Cong. & Admin.News 1978, p. 5787.

IT IS ORDERED:

1. That the above–captioned Chapter 11 cases are and each of them HEREBY IS DISMISSED, and

2. Said dismissals are stayed for a period of ten (10) days from the date of entry of this Order.