In re ALTON TELEGRAPH PRINTING COMPANY, Debtor and Debtor-in-Possession.

Bankruptcy No. BK–81–50082.

United States Bankruptcy Court, S. D. Illinois.

Oct. 1, 1981.

Ronald Peterson, Chicago, Ill. and Charles Williamson, Belleville, Ill., for debtor and debtor-in-possession.

Rex Carr and Joel Kunin, East St. Louis, Ill., for James Green.

## ORDER DENYING MOTION TO DISMISS

J. D. TRABUE, Bankruptcy Judge.

At East St. Louis, in said district, on the 1st day of September, 1981, this matter having come before the Court pursuant to a motion to dismiss filed by James Green, an unsecured creditor of the debtor, and the Court, having heard the argument of counsel and having read the briefs that were submitted and otherwise being fully advised in the matter, finds as follows:

1. On or about April 10, 1981, the Alton Telegraph Printing Company filed a petition for a business reorganization under Chapter 11 of Title 11 of the United States Code.

2. James Green is a judgment creditor of the Alton Telegraph Printing Company (Alton Telegraph), having an unsecured claim of $9,200,000, against the Alton Telegraph arising from a libel and defamation suit.

3. The judgment held by James Green is currently on appeal in the Illinois state courts.

4. James Green filed a motion to dismiss the Chapter 11 reorganization of the Alton Telegraph on July 17, 1981, alleging a lack of good faith on behalf of the Telegraph and the inability of the Telegraph to pay all of its creditors 100 percent of their indebtedness.

5. A 100 percent cash payout plan is not necessary for a plan of reorganization under Chapter 11 of the Bankruptcy Code.

6. Good faith is a prerequisite to a filing of a Chapter 11 petition under the Bankruptcy Code.

7. The Alton Telegraph was acting in good faith when they filed their Chapter 11 plan, and they are currently acting in good faith in pursuing the case in this Court.

The Court also finds the following statute to be relevant:

11 U.S.C. § 1112(b)

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan; and

(9) termination of a plan by reason of the occurrence of a condition specified in the plan.

The principal issue facing the Court is whether the debtor-in-possession, the Alton Telegraph Printing Company, was acting in good faith when it filed its petition for a business reorganization under Chapter 11 of the Bankruptcy Code. While the requirement of good faith in filing a Chapter 11 petition is not expressly stated in the Code, the cases have consistently held that good faith is required to file a Chapter 11 petition. *In Re G-2 Realty Trust*, 6 B.R. 549, 2 C.B.C.2d 1344 (Bkrtcy.D.Mass., 1980); *In Re Tolco Properties*, 6 B.R. 482, 3 C.B.C.2d 100 (Bkrtcy.E.D.Va., 1980); *In Re Northwest Recreational Activities, Inc., etc.*, 4 B.R. 36, 1 C.B.C.2d 713 (Bkrtcy.N.D.Ga., 1980); *In Re Victory Construction Co., Inc.*, 9 B.R. 549, 3 C.B.C.2d 655 (Bkrtcy.C.D.Cal., 1981); *In Re The Alison Corporation*, 9 B.R. 827, 4 C.B. C.2d 199 (Bkrtcy.S.D.Cal., 1981); *In Re Dutch Flat Investment Co.*, 6 B.R. 470, 3 C.B.C.2d 136 (Bkrtcy.N.D.Cal., 1980).

Under § 1112(b) of the Bankruptcy Code, the Court must have a request by a party in interest, notice and a hearing, as well as cause, before the Court could dismiss a case under Chapter 11. The case of *In Re Lamar Estates, Inc., Medaf Holding Corp.*, 6 B.R. 933, 3 C.B.C.2d 218 (Bkrtcy.E.D.N.Y., 1980), held that a motion to dismiss filed by the debtors' single largest creditor meets the requirement that the request be filed by a party in interest. In the present case, James Green holds a judgment of $9.2 million dollars against the Telegraph, and, as such, he is the largest, liquidated, unsecured creditor of the Telegraph. He is a party in interest and was entitled to file the motion to dismiss.

The Court held a hearing on the motion to dismiss on September 1, 1981, at which time it heard oral argument, after Mr. Peterson waived an offer of an extension of time to respond to the motion. At the close of the argument, the Court granted the parties ten days to file briefs. Briefs were filed by Joel Kunin on behalf of James Green and by James A. Browner and Ronald Peterson for the Alton Telegraph. As a result of this hearing on the motion to dismiss filed by James Green, the first two requirements of § 1112(b), namely the request by a party in interest and a hearing, have been met, and all that remains for the

Court is to determine whether cause for dismissal exists.

■ In view of the rule of construction that is set out in § 102(3) of the Bankruptcy Code, the causes for dismissal enumerated in § 1112(b) of the Code are nonexclusive, and the Court has the inherent power to determine what constitutes cause to dismiss in any given case. *In Re Larmar Estates, Inc., Medaf Holding Corp.*, 6 B.R. 933, 3 C.B.C.2d 218 (Bkrtcy.E.D.N.Y., 1980); *In Re Dutch Flat Investment Co.*, 6 B.R. 470, 3 C.B.C.2d 136 (Bkrtcy.N.D.Cal., 1980). As mentioned earlier, one of the reasons that would constitute cause for dismissal under § 1112(b) of the Code is that the Chapter 11 reorganization petition is not filed in good faith.

The Court in *In Re Northwest Recreational Activities, Inc.*, 4 B.R. 36, 1 C.B.C.2d 713 (Bkrtcy.N.D.Ga., 1980), described the bankruptcy court's duty to inquire into the good faith under Chapter 11 of the Code by stating:

Good faith, in the sense perceived by this court to have continued relevance, is merged into the power of the court to protect its jurisdictional integrity from schemes of improper petitioners seeking to circumvent jurisdictional restrictions and for petitioners with demonstrable frivolous purposes absent any economic reality.

\* \* \* \* \* \*

The inclusion of 'good faith' test in the jurisdictional integrity sense within the provision of § 1112 as perceived by this court, combines to insure that the legal status and economic condition of the debtor are within the jurisdictional grant and purpose of Chapter 11.

*Id.* 4 B.R. at 39, 1 C.B.C.2d at 718. The Court in the *G–2 Realty Trust* case extended the holding to state that an inquiry into the good faith of the debtor seeking relief was warranted, regardless of whether the petition is voluntary or involuntary.

In the *Victory Construction Company* case, the Court reviewed the historical and philosophical roots of the modern Bankruptcy Code and concluded that good faith is required in order to file a Chapter 11 petition, and found that lack of good faith was cause for a dismissal. The Court in *Victory Construction* also noted the fact that Chapter 11 does not expressly require good faith for a filing under it; however, the Court went on to state:

It would be more than anomalous to conclude that in consolidating the provisions of Chapter X, XI, and XII, in Chapter 11 of the Code, Congress intended to do away with a safeguard against abuse and misuse of process which had been established and accepted as part of bankruptcy philosophy (either by statute or decisional law), for almost a century. 'Good faith' must therefore be viewed as an implicit prerequisite to the filing or continuation of a proceeding under Chapter 11 of the Code.

9 B.R. at 558, 3 C.B.C.2d 655 at 667.

■ In light of these cases and the other cases cited above, it is clear that "good faith" is required to file a Chapter 11 petition. Green contends that the Telegraph is lacking the necessary good faith to file a petition for reorganization, and that it is merely using the bankruptcy proceeding in lieu of a supersedeas bond in order to pursue its appeal of his judgment. Green also alleges that because of the high amount of the award compared to the Telegraph's net worth, a supersedeas bond is unaffordable for the Telegraph.

■ Some of the cases cited in Green's brief discuss bankruptcy court decisions dismissing Chapter 11 filings as not being in good faith because the debtors, in order to forestall their creditors from pursuing their rights, organized new businesses shortly before the filing of the Chapter 11 petition. *In Re Victory Construction Co., Inc.*, 9 B.R. 549, 3 C.B.C.2d 655 (Bkrtcy.C.D.Cal., 1981); *In Re The Alison Corp.*, 9 B.R. 827, 4 C.B.C.2d 199 (Bkrtcy.S.D.Cal., 1981); *In Re Dutch Flat Investment Co.*, 6 B.R. 470, 3 C.B.C.2d 136 (Bkrtcy.N.D.Cal., 1980). These cases are not applicable to the case at bar. In each of them, the Court found that there was not a bona fide ongoing business;

that there were very few, if any, employees; and that the Chapter 11 proceedings were filed merely to allow the debtor to stave off the creditors while the debtor sought to gain some economic advantage. In the present case, the debtor, the Alton Telegraph, is an ongoing and viable business that would not be involved in a Chapter 11 bankruptcy if it were not for the libel judgment obtained by Green, as well as other very substantial libel claims currently pending against it. The Telegraph has published a newspaper in the Alton area for over 100 years, and did not organize or change entities shortly before the filing of the Chapter 11 in order to stave off its creditors or to seek some economic advantage. The Telegraph employs a substantial number of people, and is a viable business.

The debtor has filed a plan of reorganization, and the case is progressing through the Court in an orderly and expeditious manner. To date, the debtor has attended all of the meetings and hearings, and has generally been cooperative with the Court in proceeding toward an orderly and equitable distribution of its assets. In this regard, the debtor cannot be said to be pursuing the Chapter 11 petition in bad faith.

Green cites two other factors for the proposition that the debtor's petition is not filed in good faith. First, Green contends that since the debtor expects to overturn his judgment on appeal the debtor is in sound financial shape, and, as such, is not eligible for relief under the Bankruptcy Code. Second, Green alleges that the debtor has filed its reorganization petition in order to defeat the orders and jurisdiction of the state courts. Neither of these allegations are supported by the facts of this case. Whether the judgment is ultimately overturned on appeal is a speculative question on which this Court does not have an opinion. It is clear, however, that in light of the judgment held by Green, as well as the other pending libel and defamation claims, the Alton Telegraph is not in sound financial shape at the present time, and is eligible for relief under the Code. The debtor has also stated that it intends to appeal the judgment obtained by Green, and the ap-

peal is presently pending in the state courts. The filing of the reorganization petition does not affect the state court's ability to hear the appeal, and, in fact, facilitates the state court's jurisdiction rather than defeats it.

The debtor alleges that it has been forced into bankruptcy in order to avoid the forced sale and liquidation of its business to satisfy the libel judgment obtained by Green. It admits that it was not able to obtain a supersedeas bond to forestall execution because of the amount of the judgment in relation to the Telegraph's net worth. The judgment is presently on appeal in the Illinois state courts, and the debtor has expressed a willingness to pursue its appeal as far as necessary to secure a reversal of Green's judgment. If the judgment obtained by Green falls on appeal, the other libel cases may be rendered moot. In light of these facts, it becomes clear that the debtor was forced into filing a Chapter 11 bankruptcy petition in order to preserve its status as an ongoing concern and protect its employees and its creditors while the claims against it are litigated. In light of the emergency nature of this filing, and the progression of this case leading up to an orderly and equitable distribution of its assets, it is clear that the filing of the Chapter 11 petition by the Telegraph is in good faith.

WHEREFORE, IT IS ORDERED that the motion to dismiss be, and the same hereby is, denied.