**In re DOLTON LODGE TRUST NO. 35188, a joint venture, Debtor.**

**Bankruptcy No. 81 B 15528.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Sept. 8, 1982.

Allan Sweig, Nachman, Munitz & Sweig, Ltd., Chicago, Ill., for debtor.

Eugene Crane, Dannen, Crane, Heyman & Haas, Chicago, Ill., for Harry Zaidenberg.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This cause came to be heard on the motion of Harry Zaidenberg to dismiss this case and the debtor's request to affirm this court's order of March 9, 1982 allowing amendment of the caption of this case. The court, being fully advised in the premises and having carefully considered the pleadings and memoranda hereby grants Zaidenberg's motion to dismiss this case.

Zaidenberg contends that this petition was filed in bad faith, that proper notice procedure to file the case as an involuntary was not followed and that the cause may not properly be filed as a voluntary petition. The debtor asserts that the filing was in good faith, that any procedural deficiencies that may have occurred were minor and should not affect the disposition of the case and that it is a proper Chapter 11 debtor.

## FACTUAL BACKGROUND

In 1979 a group of investors banded together to purchase a motel located in Dolton, Illinois known as Dolton Lodge, from Harry Zaidenberg. No formal agreements were made among the investors as to their relationship. On April 4, 1979 however, the purchasers created a land trust at Exchange National Bank of Chicago, Trust No. 35188 whereunder the Bank was to be trustee and each of the investors was to hold a specific percentage of the beneficial interest in the property of the trust.

Shortly before Dolton Lodge was sold to the debtor, Zaidenberg, as lessor, executed a lease to a portion of the lodge known as the "Music Hall" with P.H.D. Management Co., Inc., as lessee. This corporation is controlled by Zaidenberg and his son. Thereafter, on April 27, 1979 the debtor entered into Articles of Agreement for Warranty Deed with Zaidenberg for purchase of the Dolton Lodge. The debtor purchased subject to the lease of the "Music Hall". Through an operating lease with the land trust, Dolton Enterprises, Inc. a corporation owned by the trust beneficiaries, was placed in charge of the daily operation of the Dolton Lodge.

A controversy arose between Debtor and Zaidenberg concerning the use and expense involved in the operation of the "Music Hall" which Zaidenberg through P.H.D. Management Co. was leasing from debtor. State court litigation commenced in which debtor contended that Zaidenberg made misrepresentations and breached his contractual duties to the debtor under the Articles. Installment payments due were placed in an escrow pending conclusion of the state court litigation.

While the state court litigation was still pending on December 2, 1981 Zaidenberg served notice on the debtor that he was forfeiting all of the debtor's interest in and was taking immediate possession of the Dolton Lodge. Debtor on December 14, 1981 filed its Chapter 11 petition and on January 12, 1982 filed its application to remove to this court the state court litigation pending with Zaidenberg.

Debtor in filing this case characterized itself as "Exchange National Bank as Trustee of Trust No. 35188." Immediately Zaidenberg objected to the use of the Bank's name. On January 14, 1982 the debtor sought to amend the caption of this case to remove the name of the Bank and substitute the name "Dolton Lodge Trust No. 35188." This was the name under which debtor alleged it operated, maintained its federal employee identification number,

filed partnership tax returns and maintained its bank account. Zaidenberg objected again. After extensive negotiations and after debtor had let its first application to amend its caption be adjourned sine die, debtor filed its second application to amend its caption.

On March 9, 1982 this court granted debtor's second application to amend its caption to read "Dolton Lodge Trust No. 35188, a joint venture" and granted Zaidenberg time to file written objections to the continued administration of this case, after which he filed a motion to dismiss the Chapter 11 reorganization.

It should also be noted that on January 15, 1982 Harry Zaidenberg was given immediate possession of the Dolton Lodge as custodian to protect and preserve the assets and operate the motel until further order of court.

This case revolves around the determination of three issues:

1.  Whether or not the debtor filed its Chapter 11 petition in good faith;

2.  Whether or not debtor's petition was properly filed and served as a voluntary Chapter 11 petition;

3.  Whether or not the debtor, an Illinois Land trust may be construed to be a debtor under Chapter 11 of the Bankruptcy Code;

## INTRODUCTION

The above issues have been the subject of numerous debates before this court since the Chapter 11 petition was filed in December of 1981. The essential problem is that debtor asserts it is an entity qualified to file a Chapter 11 petition but can't seem to satisfy the movant or the court in bringing the correct entity before this court. The present debtor is "Dolton Lodge Trust No. 35188, a joint venture."

Section 109(a) of the Bankruptcy Code, 11 U.S.C. Sec. 109 states that "only a person that resides in the United States, or has a domicile, a place of business, or property in the U.S., or a municipality, may be a debtor under this title." Section 109(d) states that "only a person that may be a debtor under Chapter 7 of this title except a stockbroker or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title." Section 101(30) of the Code defines "person" to include individuals, partnerships and corporations. Section 101(8)(A)(v) defines "corporations" to include business trusts.

"Dolton Lodge under Trust No. 35188" is an Illinois Land Trust and under previous orders in this case it has been held that such land trust entity or the trustee thereof itself is not a proper debtor under Chapter 11. (As per this court's decision in *In re Old Second National Bank of Aurora*, 7 B.R. 37 (N.D. Bkrtcy. Ill. 1980)). Debtor, however, seeks to have this court construe it to be a joint venture in the nature of a general partnership and thus a proper "person" under Section 101(30) of the Code.

The essential problem with construing "Dolton Lodge under Trust No. 35188" as a joint venture is that from this designation it is not clear if the beneficiaries of the land trust and thus the joint venturers are subjecting themselves to personal liability or if they are still trying to limit exposure behind the veil of the land trust. In order to be proper Chapter 11 debtors, the Dolton Lodge Trust beneficiaries and their estates must be revealed and subject to the same liabilities as any other partners in a partnership bankruptcy, with schedules filed so reflecting this personal liability. In addition, as will be discussed below, it appears that the real "entity" running the Dolton Lodge and operating the business to be reorganized is "Dolton Lodge Enterprises, Inc." and this corporation would seem "Dolton Lodge Enterprises, Inc." and this corporation would seem to be an indispensable party to the Chapter 11 proceeding.

## DISCUSSION

### GOOD FAITH

In order to understand the court's position and what it is requiring, an examina-

tion of the purpose behind the drafting of Chapter 11 of the Bankruptcy Code is helpful. In the introduction to Senate Report No. 95–989 at page 3, U.S. Code Cong. & Admin. News 1978, pp. 5787, 5789, the following statement is made regarding the intended purpose of Chapter 11.

> Chapter 11, Reorganization, is primarily designed for businesses, although individuals are eligible for relief under the chapter. The procedures of chapter 11, however, are sufficiently complex that they will be used only in a business case and not in the consumer context.

Dealing in more detail with Chapter 11, the Senate Report, at page 9, U.S. Code Cong. & Admin. News 1978, p. 5795, makes it abundantly clear that the purpose of Chapter 11 is business reorganization when it states that:

> Chapter 11 deals with the reorganization of a financially distressed business enterprise, providing for its rehabilitation by adjustment of its debt obligations and equity interests.

The report continues on to state that:

> [r]eorganization, in its fundamental aspects, involves the thankless task of determining who should share the losses incurred by an unsuccessful business and how the values of the estate should be apportioned among creditors and stockholders.

Thus, the senate intended Chapter 11 to be utilized for the reorganization of an ongoing business and the House in H.R. Rep. No. 95–595, U.S. Code Cong. & Admin. News 1978, p. 5787 evidences the same legislative intent.

> The purpose of a business reorganization case, unlike a liquidation case, is to restructure a business's finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for its stockholders. The premise of a business reorganization is that assets that are used for production in the industry for which they were designed are more valuable than those same assets sold for scrap. Often, the return on assets that a business can produce is inadequate to compensate those who have invested in the business. Cash flow problems may develop, and require creditors of the business, both trade creditors and long-term lenders, to wait for payment of their claims. If the business can extend or reduce its debts, it often can be returned to a viable state. It is more economically efficient to reorganize than to liquidate, because it preserves jobs and assets.

■ In the present case, debtor is essentially an Illinois Land Trust holding title to a commercial lodge. Its sole asset is the lodge and its only creditor is Zaidenberg, the holder of the promissory note on the lodge. Debtor as now construed operates no business but simply holds title to land. The business of operating the lodge is handled by Dolton Enterprises, Inc., a lessee of the land trust. The shareholders of the corporation are the beneficiaries of the land trust. However, neither the actual beneficiaries of the land trust nor the operating corporation are parties to the Chapter 11 proceeding. As a result, the true "business" which may need reorganizing does not appear to be before this court and the debtor's good faith in filing this petition comes into question.

Good faith as a standard of confirmation in debtor rehabilitation or reorganization proceedings or as a condition to the debtor's right to file and maintain proceedings aimed at rehabilitation or reorganization appeared in many provisions of the Bankruptcy Act of 1898. Title 11 under the new Bankruptcy Code does not contain a provision expressly conditioning the right to file or maintain a proceeding on the "good faith" of the debtor at the time the proceeding is initiated. However, courts recognizing the purpose of reorganization proceedings and their historical development have viewed good faith as an implicit prerequisite to the filing or continuation of a proceeding under Chapter 11 of the Code. (*In re Victory Construction Co., Inc.*, 9 B.R. 549 (Bkrtcy. Ct. C.D. Calif. 1981), *In re G–2*

*Realty Trust,* 6 B.R. 549 (Bkrtcy. Ct. D. Mass. 1980).

Zaidenberg alleges that under 11 U.S.C. Section 1112 this case should be dismissed for lack of good faith in filing. Zaidenberg bases his claim on the fact that debtor has no other creditors but himself, no unsecured creditors, that debtor filed the petition on the eve of foreclosure and that debtor has sought to amend its caption twice already in an alleged effort to confer proper jurisdiction upon this court.

In the case of *Dutch Flat Investment Co.,* 6 B.R. 470, 6 B.C.D. 1134, 3 C.B.C.2d 136 (Bkrtcy. Ct. N.D. Calif. 1980), the debtor was a corporation formed five days before its Chapter 11 petition was filed. Like debtor here the corporation's sole asset was a piece of real estate and its only creditor held the security interest in that real estate. The creditor filed a motion to dismiss the Chapter 11 proceeding alleging the debtor lacked good faith in filing. The court in examining the debtor's good faith examined the following factors:

1. Timing of the Chapter 11 filing in relationship to corporate formation and foreclosure proceedings.

2. Whether the debtor had any assets other than the equity in the secured property.

3. Whether the debtor had an ongoing business to reorganize.

4. Whether there were any unsecured creditors.

5. Whether there was a reasonable probability of a plan of arrangement being proposed and confirmed.

■ Good faith in filing as outlined above is not explicitly required by the Bankruptcy Code but is a matter of court discretion. (*In the Matter of Nancant,* 8 B.R. 1005 (Bkrtcy. Ct. D. Mass. 1981)). The above factors, however, are helpful in examining whether to allow debtor's petition to stand. While debtor did not change its legal entity just prior to the filing of its petition, debtor did file its petition "on the eve" of foreclosure proceedings; debtor apparently has no other assets other than its

equity in the Lodge; and debtor has no unsecured creditors. More importantly, there is no reasonable probability of a plan of reorganization being proposed and confirmed given that Zaidenberg is debtor's only creditor, and Dolton Lodge Trust No. 35188 operates no ongoing business to reorganize.

■ Specifically, the debtor presently before this court is not a proper Chapter 11 debtor. No matter if debtor is called "Exchange National Bank under Trust No. 35188", "Dolton Lodge trust No. 35188," or "Dolton Lodge Trust No. 35188, a joint venture," debtor is still nothing more than a land trust that holds title to the Dolton Lodge. This land trust is not a business. There is, of course, a business enterprise connected with operating Dolton Lodge. This business is one of two entities (or both): 1) "Dolton Enterprises, Inc." which operates the lodge under a lease from the trust or 2) the beneficiaries of Dolton Lodge Trust No. 35188 who are partners or joint venturers. Until one or both of these entities are before the court exposing all of their assets and debts and being subject to personal liability (in the case of the joint venturers) the proper debtor is not before this court, and debtor in changing its caption three times but still apparently hiding behind a corporate or land trust veil has not filed its petition in good faith.

Guidance for this court's decision can be found in looking at the decision of the Bankruptcy Court for the Southern District of New York in *In re Eden Associates,* 13 B.R. 578 (Bkrtcy. 1981). In *Eden* the debtor claimed ownership of a parcel of improved realty as a limited partnership. There was a question as to who the general partners actually were given that two different entities claimed ownership. Like the case here the court had to decide the nature or identity of the debtor, the only asset was a piece of improved realty and the only interested creditor was the mortgage holder who had already began foreclosure proceedings. The court in dismissing debtor's petition explained:

Under the Code, to prevent misuse of the Chapter 11 remedy by debtors which are not bona fide business organizations filing to reorganize an ongoing enterprise, a petition may be dismissed pursuant to § 1112(b). This is particularly applicable to asset-culled entities where "debtors have elected not to submit the actual entities in interest to the jurisdiction of the court, thereby isolating the entities in interest from the scrutiny and control of the court during proceedings." *In re Dutch Flat Investment*, 6 B.R. 470, 471, 6 B.C.D. 1134, 1135, 3 C.B.C.2d 136, 138 (Bkrtcy. N.D. Cal. 1980).

The words of the court in *Eden* are equally applicable in this case. It seems clear that the debtor in filing under three variations of the land trust name is apparently seeking to shield the beneficiaries, the real parties in interest, from liability and from the jurisdiction of the Bankruptcy Court. Instead of the real parties in interest, the beneficiaries of the land trust, the debtor is "Dolton Lodge Trust No. 35188, a joint venture," who has filed no partnership certificate, whose only asset is the Dolton Lodge, who has no real creditors other than the mortgage holder and no employees, who has leased out the business of operating the Lodge to a corporation and, who has, in short, no ongoing business to reorganize. (See *Eden* supra, p. 584–585).

FILING AS A VOLUNTARY PROCEEDING

For the purposes of this controversy only, debtor and Zaidenberg have stipulated that debtor may be construed to be a joint venture in the nature of a general partnership. A general partnership and therefore a joint venture may file a voluntary proceeding for relief under Chapter 11 of the Bankruptcy Code if all of the general partners consent to the filing of the proceeding. (Rules Bankr. Proc. Rule 105, 11 U.S.C.). Rule 105(b) goes on to state that if less than all of the general partners to a partnership consent to the filing then an involuntary petition must be filed with summons served pursuant to Rule 111. Furthermore, Rule 1004 of the Interim Rules of Bankruptcy Procedure provides that when less than all of the general partners consent, a voluntary case may not be filed and only an involuntary case may be filed with summons served directed to all the non-consenting partners.

In this case it is uncontroverted that only 65% of the "partners" or "partners" constituting only 65% of the equity interest have consented to the filing of this petition. This case, however, was clearly filed as a voluntary case and thus a jurisdictional problem is present. If debtor seeks to file a voluntary petition, it must be filed by *all* of the general partners. If debtor seeks to file an involuntary petition, summons must be served directed to all of the non-consenting partners. Debtor here simply notified the non-consenting "partners" after the filing of the petition that it had been so filed and thus the requirements of Rule 105(b) and Interim Rule 1004 were not met.

Debtor contends that the above procedural deficiency neither justifies nor requires the dismissal of this case since the trust beneficiaries have not objected to the filing of this case or to the amendment of the caption. The court normally would agree with debtor as to the materiality of this procedural defect. However, given the history of this case, it becomes very material. If debtor correctly filed this case as a partnership or joint venture case deleting the land trust veil, it would have been essential to have all of the partners consent or to give non-consenting partners the proper notice. This would have been vital, of course, because the partners would be subject to individual liability as partners of the joint venture. However, this is not the present case. As presently filed the land trust veil remains and of course the beneficiaries do not object to the Chapter 11 filing. If the veil was lifted, however, the beneficiary-partners would probably feel differently. Therefore, the procedural deficiency is material to this case and another ground for denying debtor's petition.

DOLTON LODGE AS A CHAPTER 11 DEBTOR

As stated previously, for the purposes of this controversy only, the debtor and Zai-

denberg stipulated that debtor would be construed to be a joint venture in the nature of a general partnership. Furthermore, this court has already ruled that debtor as an Illinois Land Trust is not an eligible debtor under Chapter 11. Given the importance of the land trust question, however, the court will here set forth the reasons for its previous ruling on the land trust issue.

The debtor here is an Illinois Land Trust and the question arises as to whether this or any land trust may be construed to be a "Business Trust" as contemplated by § 101(8)(A)(v) of the Bankruptcy Code or as a "Partnership" as contemplated by § 101(30). Business trusts are eligible debtors under the Code apparently because Congress recognized the similarity between business trusts and corporations. In the case *In re Treasure Island Land Trust,* 2 B.R. 332, 5 B.C.D. 1246 (M.D. Bkrtcy. Fla. 1980) in holding that a land trust was not a business trust eligible for Chapter 11 relief the Bankruptcy Court for the Middle District of Florida said:

> . . . business trusts are created for the purpose of carrying on some kind of business or commercial activity for profit; The object of a non-business trust is to protect and preserve the trust res . . . . It is the business trust's similarity to a corporation that permits it to be a debtor in bankruptcy.

■ Therefore, in examining the debtor as an entity the focus should not be on what the debtor is *called* but rather on what the debtor actually is and the purpose it has been created to carry out. If the debtor here was actually operating the Dolton Lodge business, the court could possibly construe debtor to be a business trust. However, debtor has leased out the management and operation of the lodge to a corporation not a party to this litigation. Debtor has not sold any securities, has no trade creditors, does not carry on any business, has no board of directors, has no management power and has executed no certificates of participation. The primary purpose of the trust is merely to hold title to the property. Therefore, there is no business trust before this court and no business to reorganize. (Similarly, the trustee is not an eligible "person" to file a Chapter 11 petition either. See *In re Old Second National Bank of Aurora,* 7 B.R. 37 (N.D. Bkrtcy. Ill. 1980) and *In re Dreske Greenway Trust,* 14 B.R. 618, C.C.H. Bank. L. Rep. ¶ 68, 363 (E.D. Bkrtcy. Wis. 1981).

■ As to whether the debtor is a "partnership", Chapter 106½, § 6 of the Illinois Revised Statutes, Illinois Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners of a business for profit." While a partnership may exist under a verbal agreement certain essential elements must be present to find such partnership existing. The most essential feature of a partnership is that it is formed to carry on business purposes. Other factors that are material include: 1) Manner in which parties have dealt with each other; 2) Mode in which each partner has, with knowledge of the others, dealt with persons in partnership capacity; 3) Whether the parties have filed a certificate setting forth the entity's assumed name; 4) Whether the parties have carried telephone listings, signs on premises, truck, etc. in the firm name; and 5) Whether the parties have shared profits. *Olson v. Olson,* 66 Ill.App.2d 227, 213 N.E.2d 95 (2nd Dist. 1965).

■ Debtor here sought to amend the caption of its case to read "Dolton Lodge Trust No. 35188, a joint venture." Under Section 101(3) of the Bankruptcy Code a joint venture could constitute a proper debtor in a Chapter 11 proceeding. A joint venture is an association of two or more persons formed to carry out a single enterprise for profit. A joint venture is like a partnership except that it is formed only to carry out a specific enterprise or transaction. The rights and liabilities of a joint venture are usually tested by the rules governing partnerships. *Electrical Contractors, Inc. v. Goldberg & O'Brien Electric Co.,* 29 Ill.App.3d 819, 331 N.E.2d 238 (1st Dist. 1975).

The court has already stated in great detail the problems with the debtor filing as a land trust, joint venture. In addition, it must be kept in mind that the parties stipulated that the debtor would be characterized as a joint venture for this controversy. In reality, debtor always has been and still remains an Illinois Land Trust simply holding title to the Dolton Lodge. It is carrying on no business. The business of running Dolton Lodge is entrusted to "Dolton Enterprises, Inc.," a leassee of the debtor. Therefore, debtor cannot be construed to be a partnership or joint venture. In fact, if debtor were to refile this case clearly in the name of the beneficiaries as a joint venture, it might be challenged since the business operations seem to be in the hands of Dolton Enterprises, Inc. As stated previously, this corporation would appear to be a necessary party to any subsequent bankruptcy petition.

## CONCLUSIONS

An Illinois Land Trust under § 101(30) of the Bankruptcy Code is not a proper party to file a Chapter 11 bankruptcy petition unless it clearly can be construed to be a business trust or partnership. To constitute a business trust the debtor must in fact be operating a business subject to reorganization. To constitute a partnership, the debtor must not file under the veil of a land trust but on behalf of all of the beneficiaries where the beneficiaries are subject to individual and personal liability like any other partnership debtor. In addition the caption and schedules must so reflect such partnership as the debtor and provide the necessary information to subject the partner-beneficiaries to personal liability.

Finally, if the above requirements are met and the debtor seeks to file as a partnership, it must also either under Bankruptcy Rule 105(b) and Interim Rule 1004 file a voluntary petition with consent of all of the beneficiary-partners or file an involuntary petition and serve summons directed to all of the non-consenting partners. Anything less would be procedurally incorrect, show a lack of good faith in filing and be cause to dismiss the bankruptcy petition.

Debtor here has not clearly filed this case on behalf of the beneficiaries of the land trust as a joint venture of individually liable partners. Instead, debtor has continually attempted to file this case under the veil of a land trust. Furthermore, debtor has not brought the entity that operates the business of the Dolton Lodge before the court but has attempted to shield that entity behind the land trust. Finally, debtor has not followed the proper procedure in filing its petition. The case was filed as a voluntary case yet all of the "partners" did not consent to the filing, and the filing may not be construed to be involuntary since summons was not served directed to all non-consenting partners. These deficiencies lead to a showing of lack of good faith in filing by the debtor and establish cause to dismiss the bankruptcy petition.

WHEREFORE, IT IS HEREBY ORDERED that Zaidenberg's motion to dismiss the debtor's petition is granted.