In re VENTURE PROPERTIES, INC., Debtor.

VENTURE PROPERTIES, INC., Plaintiff,

v.

NORWOOD GROUP, INC., Adrian Culveyhouse, and Donald Cooney, Defendants.

Bankruptcy No. 83–298.
Adv. No. 83–196.

United States Bankruptcy Court, D. New Hampshire.

Feb. 27, 1984.

Marcus Cohn, Peabody & Brown, Boston, Mass., for Norwood Group, Inc. and Adrian Culveyhouse.

Mark Vaughn, Manchester, N.H., for Venture Properties, Inc.

Joseph Krolikowski, Nashua, N.H., for Donald Cooney.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case is before the court on a complaint by the Chapter 11 debtor seeking injunctive relief to prevent the defendants from proceeding to sell or otherwise dispose of certain real property that was subject to a pre-bankruptcy purchase and sale agreement.

Venture Properties, Inc. (hereinafter "Venture") filed its Chapter 11 petition on June 21, 1983. Venture is a general partner in Milford Green Associates (hereinafter "Milford") which is a New Hampshire limited partnership. The partnership is not a debtor in any pending bankruptcy proceeding.

Prior to bankruptcy, an officer of Venture entered into a purchase agreement with the defendant Cooney regarding the property in question. The parties are in conflict as to whether that agreement had lapsed prior to the Chapter 11 filing but the decision of the court makes it unnecessary to reach that question.

Venture's original complaint alleged that the buyer's rights under the purchase agreement had been assigned to itself, by its officer, and that the defendants' actions in attempting to re-sell the property were in violation of the automatic stay imposed by § 362 of the Bankruptcy Code.

It then turned out however that the buyer's rights had actually been assigned to the Milford limited partnership several days before the Chapter 11 filing. Venture amended its complaint requesting that the court "extend" the automatic stay to enjoin the defendants from terminating the sales agreement. The defendants moved to dismiss the complaint on the basis that § 362 does not protect property which is owned or claimed by a non-debtor entity, and that no other legally sufficient basis for relief was alleged.

■ It is clear that § 362 by itself has no application to the situation since it deals only with "property of the estate" as defined in § 541 of the Code. The buyer's rights here were owned by Milford, not Venture, at the time of filing. Venture's status as general partner in the Milford limited partnership gave it an obvious reason to be concerned as to the disposition of any assets of Milford but this "interest" does not amount to a "legal or equitable interest in property" within the meaning of § 541 in the judgment of the court.

It therefore appears that Venture's amended complaint can survive dismissal only if it alleges sufficient grounds for discretionary relief under the general injunctive power provided by § 105 of the Code.

The crucial issue here is whether an injunction should issue to protect a non-debtor's assets when there is no allegation that it would not have been feasible for that party to file its own reorganization petition to "earn" the right to such relief.

In an analogous situation the court in *In re Eden Associates,* 4 CBC 2d 1249, 13 B.R. 578 (S.D.N.Y.1981), dismissed a Chapter 11 petition in which the debtor was the limited partnership but the asset apparently remained with another entity. The court in *Eden* commented:

"Under the Code, to prevent misuse of the Chapter 11 remedy by debtors which are not bona fide business organizations filing to reorganize an ongoing enterprise, a petition may be dismissed pursuant to § 1112(b). This is particularly applicable to asset-culled entities where 'debtors have elected not to submit the

actual entities in interest to the jurisdiction of the court, thereby isolating the entities in interest from the scrutiny and control of the court during proceedings.' In re *Dutch Flat Investment,* 6 B.R. 470, 471, 6 B.C.D. 1134, 1135, 3 C.B.C.2d 136, 138 (Bkrtcy.N.D.Cal.1980)."

Venture cites some partnership cases in which injunctive relief to protect a non-debtor partner was granted. See *Elemar Associates v. Goldsmith,* 14 CBC 574 (S.D.N.Y.1977); Matter of *Old Orchard Investment Company,* 31 B.R. 599, 9 CBC 2d 139 (W.D. Mich.1983). The *Elemar* ruling was not followed in *In re Aboussie Brothers Construction Co.,* 8 B.R. 302, 3 CBC 2d 684 (E.D.Mo.1981). None of these cases are of much help in the present situation, however, since the Code gives specific powers to reach a nondebtor partner's assets where the partnership itself is a debtor. *11 U.S.C. §§ 508, 723.*

Venture also cites recent decisions in the Manville "abestos" reorganization proceeding in which injunctive relief has been granted to restrain suits against Manville's insurance carriers in certain instances. See *Johns-Manville Corp. v. Asbestos Group,* 26 B.R. 420, 8 CBC 2d 130, supplemented by later decision, 33 B.R. 254, 9 CBC 2d 731 (S.D.N.Y.1983). The insurers "protected" in that instance did not need such relief, however, and it would not have made any sense to ask why they had not filed their own reorganization cases.

Venture's strongest argument is in terms of the interference with its reorganization effort that will occur if the defendants can proceed to dispose of the real estate in question. Such a justification was used in *In re Otero Mills, Inc.,* 25 B.R. 1018, 7 CBC 2d 1017 (D.N.M.1982), to support an injunction against collection efforts against the non-debtor principal officer (and personal guarantor) of the debtor corporation. The opposite was held on similar facts in *In re Loughnane,* 28 B.R. 940, 8 CBC 2d 512 (D.Colo.1983). The *Otero Mills* decision is most closely in point but this court is forced to conclude that that decision was simply wrongly decided.

■ It has been a cardinal principle of bankruptcy law from the beginning that its effects do not normally benefit those who have not themselves "come into" the bankruptcy court with their liabilities *and* all their assets. *In re Eden Associates,* supra; *In re Aboussie Brothers Construction Co.,* supra; *In re Dolton Lodge Trust No. 35188,* 22 B.R. 918, 7 CBC 2d 303 (N.D.Ill.1982). Cf. *Austin v. Unarco Industries, Inc.,* 705 F.2d 1 (1st Cir.1983) (Court notes that when Congress intended that non-debtors be protected, as in 11 U.S.C. § 1301, it provided such protection directly).

■ To violate this principle on the appealing facts of a particular case, where no specific necessity for doing so is set forth, is simply to invite a wholesale restructuring of the expectations of those involved in commercial transactions without any indication from Congress that such a profound change was intended. Section 105 of the Code is essentially the same as the prior provisions in § 2(a)(15) of the Bankruptcy Act.

Moreover, there is no essential difference in venture's position in this case and that of any debtor who might contend that "property of the estate" was involved because the debtor owned an interest in a non-debtor entity which itself had a legal or equitable interest in some asset. This rationale could be used to justify injunctive relief against disposition of such assets merely because the debtor owned corporate stock, for example, in a corporation holding the assets.

The Bankruptcy Code generally denies relief to "partial entities" such as an ordinary land trust in which only part of the true beneficiaries' assets are brought into the bankruptcy court in a purported reorganization. *In re Dolton Lodge Trust No. 35188,* supra. Essentially the same thing is being attempted in the present case and accordingly no basis for injunctive relief, whether as a matter of law or of discretion, is indicated.

The amended complaint will be dismissed by separate order.