**In re Garth Dennis MARSHALL Christine L. Marshall, Debtors.**

**Bankruptcy No. NK 85–01010.**

United States Bankruptcy Court, W.D. Michigan.

Oct. 2, 1985.

Allen & Letzring, Stephen L. Simons, Battle Creek, Mich., for creditor Peoples Sav. and Loan Ass'n of Battle Creek.

Robert Lindow, Battle Creek, Mich., for debtors.

## OPINION AND ORDER

### REAL ESTATE MORTGAGE FORECLOSURE—DEFAULT— CHAPTER 11

DAVID E. NIMS, Jr., Bankruptcy Judge.

Peoples Savings and Loan Association of Battle Creek (Association) filed a motion for relief from stay. There are no disputed facts. January 16, 1980, the debtors gave a first mortgage to the Association on their principal residence. This mortgage, being in default, was foreclosed and the property was sold to the Association and a Sheriff's Deed was executed November 8, 1984, which was recorded in the Office of the Clerk Register for Calhoun County, Michigan, on November 14, 1984. The redemption period would expire May 8, 1985. Mich.Comp.Laws § 600.3240(4) (Mich.Stat. Ann. § 27A.3240(4) (Callaghan 1980)). On May 8, 1985, the Debtors filed a voluntary petition under Chapter 13 of the Code. Confirmation hearing was set for hearing on June 18, 1985. On May 30, 1985, the Association filed a timely objection to confirmation. On the day of the confirmation hearing, the debtors bench filed an application for conversion to a case under Chapter 11. This was set for hearing on August 9, 1985, and was granted. The attorney for the debtors was to prepare the order. To date, no order has been presented. On September 3, 1985, an order was entered ordering the debtors to show cause why their case should not be dismissed or converted to a case under Chapter 7 because of their failure to pay the Chapter 11 filing fee and file schedules, statements and a list of the 20 largest creditors. This hearing is set for October 4, 1985. The filing fee was paid September 4, 1985. The schedules, etc., have not been filed to date.

On July 11, 1985, the Association filed its motion for relief from stay. At the final hearing on September 6th, briefs were submitted. It is the claim of the debtors that while *In re Glenn* 760 F.2d 1428 (6th Cir. 1985) would prevent debtors from saving their residence under Chapter 13, they could extend the time to make payments

under Chapter 11. Since this raises a new issue for this court, I took the matter under advisement. The deadline for an opinion and order is October 6, 1985. Bankr.R. 4001(b).

Although technically this is probably still a case under Chapter 13, I will proceed to dispose of it as though an order converting to Chapter 11 had been entered as ordered.

This Court is well aware of *In re Young* 48 B.R. 678 (E.D.Mich.1985) in which Judge Spector held that *In re Glenn, supra,* would apply to a Chapter 11 case. After a re-reading of *In re Glenn* and *In re Young,* I agree.

In both a Chapter 13 or a Chapter 11 case the parties are concerned with the "cut off date of the statutory right to cure defaults." At pp. 1435 and 1436 the court in *In re Glenn, supra,* sets forth the reasons why it chose "the sale of the mortgaged premises" as the cut-off date. Every one of those reasons would apply to a Chapter 11 as well as to a Chapter 13.

This case illustrates the problems of following a different rule in Chapter 11 than Chapter 13. Under *In re Glenn* the right to cure the default expired on November 8, 1984, so 11 U.S.C. § 108(b) could not apply. The redemption period expired May 8, 1985. Now the purchaser has a good marketable title to the property. But what happens if when a court converts to Chapter 11, all rights revert to the original filing of the petition? Are we to say that the purchaser is now divested of his title and any conveyances by such purchasers to bonafide purchasers for value are void? This would cause considerable chaos in the real estate market and cause serious problems to Title Insurance Companies and attorneys examining title.

To hold that debtors can save their homes under Chapter 11 when precluded from doing so under Chapter 13 would also lead to uses of Chapter 11 never intended by Congress. Chapter 11 is entitled "Reorganization." While its language sometimes allows procedures that are not strictly reorganizations such as we had under Chapter X Reorganizations of the Bankruptcy Act of 1898, there must be a limit to the use of Chapter 11. Look at the facts in this case. The debtors' family consists of the husband and wife and two children ages six and one. Garth Marshall is a salesman in a record shop who made $10,-000.00 in the year before filing. The family has their home, the property in question, which they value at $15,000.00, a 1975 Chevrolet pick up valued at $200.00 and a 1976 Ford pick up valued at $200.00.

In *In re Winshall Settlor's Trust* 758 F.2d 1136 (6th Cir.1985), the debtor, Trust, was created to operate a garage in downtown Detroit. The mortgage on the garage building was foreclosed and the redemption period expired. The Trust then filed a petition under 11 U.S.C. Chapter 11 to set aside the foreclosure as a voidable transfer. The bankruptcy court dismissed the petition on the basis that the debtor failed to prove it was a business trust and entitled to be a debtor under 11 U.S.C. § 109(d) and also there was no business being conducted at the time of filing. On appeal, the District Court found that the Trust was a qualified debtor under § 109(d) but affirmed the dismissal on the ground that Chapter 11 was not intended to be available to entities that had neither assets nor an on going business to protect. On appeal, the judgment of the District Court was affirmed. In the unanimous opinion of the court, Judge Kennedy stated, *inter alia,*

"The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state. See *In re Dolton Lodge Trust No. 35188,* 22 B.R. 918, 922 (N.D.Ill.1982). '[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its raison d'etre....' *In re Ironsides, Inc.,* 34 B.R. 337, 339 (W.D.Ky.1983). Although appellant contends that there is no explicit 'ongoing business' requirement to Chapter 11 reorganization, such a requirement is in-

herent in the statute and clearly implied in 11 U.S.C. § 1112(b)."

 It is important that a bankruptcy court follow the decisions of other federal courts where possible. This is especially true where the courts are in the same state, following the same state laws. A purpose of a federal bankruptcy court is to "establish * * uniform laws on the subject of Bankruptcies throughout the United States." U.S. Const. Art. I § 8 cl. 4. I would therefore follow the well written opinion of our sister court to the East in *In re Young, supra.*

Perforce, I hold that in Chapter 11 cases as well as Chapter 13 cases the debtor loses the right to cure a default on a real estate mortgage on his principal residence after the foreclosure sale.

The relief from stay is granted.