815 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re CLAWSON MEDICAL REHABILITATION AND PAIN CARE CENTER,
INC., Debtor- Appellant.
 No. 86-1370.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1987.
 
 Before LIVELY, Chief Judge, BOGGS, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal presents a very narrow issue of bankruptcy law. The debtor filed a Chapter 11 petition in bankruptcy and a trustee was appointed. While there was an ongoing business when the petition was filed, soon thereafter the debtor suspended all operations. At the time the debtor filed a disclosure statement and proposed plan of reorganization, all business operations had been suspended for some time. The first proposed plan of reorganization was rejected because of a conflict of interest involving the debtor's attorney and thereafter new attorneys filed an amended disclosure statement and an amended plan of reorganization. At this point the United States, the largest creditor, filed a motion to dismiss the Chapter 11 proceedings. At a hearing the bankruptcy judge granted the government's motion and converted the case to Chapter 7 for liquidation. The bankruptcy judge did not reach consideration of the amended disclosure statement or amended plan of reorganization. In granting the government's motion and converting the proceedings to Chapter 7, the bankruptcy judge held that it is a requirement of Chapter 11 that the debtor must be carrying on an ongoing business. This decision was affirmed by the district court on appeal.
 
 
 2
 The debtor now appeals to this court, arguing that it is not an absolute requirement for Chapter 11 reorganization that the debtor be an ongoing business at the time the plan of reorganization is formulated or submitted if it was an ongoing business at the time Chapter 11 proceedings were commenced. The debtor argues that the bankruptcy court and the district court read too narrowly this court's opinion in Matter of Winshall Settlor's Trust, 758 F.2d 1136 (6th Cir.1985). The debtor points out that there are significant differences between its situation and that of the debtor in Winshall. In that case the debtor had no assets while in the present case the debtor contends it has assets and commitments which could form the basis of a successful reorganization.
 
 
 3
 The Winshall court stated the proposition as follows:
 
 
 4
 The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state. See In re Dolton Lodge Trust No. 35188, 22 B.R. 918, 922 (Bankr.N.D.Ill.1982). "[I]f there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its raison d'etre...." In re Ironsides, Inc., 34 B.R. 337, 339 (Bankr.W.D.Ky.1983). Although appellant contends that there is no explicit "ongoing business" requirement to Chapter 11 reorganization, such a requirement is inherent in the statute and clearly implied in 11 U.S.C. Sec. 1112(b).
 
 
 5
 Id. at 1137.
 
 
 6
 Upon consideration of the briefs and oral argument of counsel together with the record on appeal, this court concludes that the district court properly affirmed the decision of the bankruptcy court. The purpose of Chapter 11 is to provide an opportunity for viable businesses to reorganize on a basis that will benefit their creditors. When a business ceases all of its operations either before filing under Chapter 11 or thereafter, any basis for projecting a successful reorganization is removed and Chapter 7 proceedings are more appropriate. It is emphasized that the debtor in this case was not seeking Chapter 11 liquidation, but Chapter 11 reorganization for a corporation which was engaged in no business enterprise.
 
 
 7
 The judgment of the district court is affirmed.