**In re Leo D. ROLAND and Margaret A. Roland, Debtors.**

**Bankruptcy No. 86–20595.**

United States Bankruptcy Court, D. Montana.

Aug. 11, 1987.

Jon R. Binney, Missoula, Mont., for debtors.

Howard F. Recht, Hamilton, Mont., for Kenneth and Pearl Roy.

## ORDER DENYING CONFIRMATION OF PLAN OF REORGANIZATION

JOHN L. PETERSON, Bankruptcy Judge.

Final hearing on the confirmation of the Debtor's Chapter 11 Plan was held on June 9, 1987, in Missoula, Montana, together with objections to the Plan filed by Kenneth W. Roy and Pearl C. Roy, contract sellers of the Debtor's real property. The Plan, as filed, is contradictory because the Debtor wishes to (1) start logging the timber on his property to help fund the Plan, (2) resume work as a mechanic/welder in the Alaskan oil fields where he has not worked since 1985, (3) sell hay and rent hunting-lodge space on his land, and (4) liquidate his property to satisfy creditors. Yet Debtor proposes that the secured claims be restructured over a 25 year period at an interest rate of 8½%.

The ballots filed with the Court are as follows:

| Creditor | Class | Amount | Vote |
|---|---|---|---|
| Ravalli County | II-unsecured | $ 500.17 | Accepts |
| Marcus Daily Memorial Hospital | III-unsecured | 449.43 | Accepts |
| Richard A. Weber, Jr. | III-unsecured | 165.00 | Accepts |
| Ravalli Radiology, P.C. | III-unsecured | 48.44 | Accepts |
| Kenneth & Pearl Roy | IV-secured | 98,873.19 | Rejects |
| Farmers Home Admin. | V-secured | 108,879.10 | Rejects |

A threshold question must first be addressed with respect to the case, i.e. is the Debtor eligible for Chapter 11 treatment? The Sixth Circuit Court of Appeals addressed the parameters of who is eligible for Chapter 11 in the case of *In re Matter*

*of Winshall Settlor's Trust,* 758 F.2d 1136 (6th Cir.1985), where the Court held at page 1137:

"The purpose of Chapter 11 reorganization is to assist financially distressed business enterprises by providing them with breathing space in which to return to a viable state. See *In re Dolton Lodge Trust No. 35188,* 22 B.R. 918, 922 (Bankr.N.D.Ill., 1982). 'If there is not a potentially viable business in place worthy of protection and rehabilitation, the Chapter 11 effort has lost its raison d'entre ...'" *In re Ironsides, Inc.,* 34 B.R. 337, 339 (Bankr.W.D.Ky., 1983). Although appellant contends that there is no explicit 'ongoing business' requirement to Chapter 11 reorganization, such a requirement is inherent in the statute an clearly implied in 11 U.S.C. 1112(b). That section permits the court after notice and hearing to 'convert a case under this chapter to a case under Chapter 7 ... or .. dismiss a case under this chapter ... for cause, including— ... (2) inability to effectuate a plan ...' To be confirmed, a plan must 'provide adequate means for the plan's execution,' 11 U.S.C. 1123(a)(5), which necessarily requires some means by which the debtor may repay its debts. More generally, an implicit prerequisite to the right to file is 'good faith' on the part of the debtor, the absence of which may constitute cause for dismissal under 1112(b). See *Dolton Lodge,* 22 B.R. at 922. Factors relevant in examining whether a Chapter 11 petition has been filed in good faith including whether the debtor had any assets, whether the debtor had an ongoing business to reorganize, and whether there was a reasonable probability of a plan being proposed and confirmed. Id. at 923; see *In re Eden Associates,* 13 B.R. 578, 585 (Bankr.S.D.N.Y.1981) ('The debtor, with no assets, no bona fide creditors and no business, cannot effectively rehabilitate its enterprise ...'); see also *In re Tinkoff,* 141 F.2d 731 (7th Cir., 1944) (mortgage foreclosure proceedings in state court were valid and equity of redemption expired; debtor had no interest in property for which it sought to provide

arrangement and dismissal of petition was proper). Dismissal of the Trust's Chapter 11 petition on the grounds stated by the District Court was proper."

This position has been further upheld by the Fifth Circuit in *In ~e Little Creek Development Co.,* 779 F.2d 1068, 1073, (5th Cir.1986), and by the Eighth Circuit in *In re Wamsganz,* 804 F.2d 503 (8th Cir.1987). In *Wamsganz,* the Eighth Circuit held that, "[t]o qualify for relief under Chapter 11, a person must be a business enterprise or operate a business."

The Ninth Circuit has once held that persons who are not engaged in business may ask for relief under Chapter 11. See *In re Warner,* 30 B.R. 528, 529 (9th Cir. 1983). In *Warner* the Ninth Circuit reversed the District Court's affirmation of the Bankruptcy Court's dismissal of the Debtor's Chapter 11 Plan on the Court's own motion. The Ninth Circuit stated that its reason for reversal was based on the failure of the Bankruptcy Court to give the Debtor a notice and a hearing before dismissal. The instant case is distinguishable from *Warner* because the Debtor here has already been noticed and has had the requisite hearings.

█ In this case, the Debtor expects his main source of monies to come from a possible re-hiring as a mechanic/welder, in a job he has not held since 1985, and from the sale of personal assets and timber. At this time it is unknown whether the Debtor will be re-hired, and although the Debtor may sell his personal assets, he certainly may not harvest his timber. Debtor's contract for deed specifically states that the timber may not be harvested. Contract rights and restrictions such as this, have been upheld as enforceable in bankruptcy proceedings. See *In re Baquet,* 61 B.R. 495 (Bankr.D.Mont.1986). Although *Baquet* dealt with the transfer of restrictive, closely held stock and was a Chapter 7 case, its reasoning is applicable to the case at hand. Here the contract restriction of Debtors cannot be changed simply to allow Debtor a new, possibly non-viable, source of income.

268

As noted above, the Sixth Circuit stated that the factors relevant in examining whether a Chapter 11 has been filed in good faith include, "whether the Debtor had any assets, whether the Debtor had an ongoing business to reorganize, *and* whether there was a reasonable probability of a Plan being proposed and confirmed." The tests are stated in the conjunctive. In this case, even though a minor portion of the Debtor's income is produced by the farming of hay, there is no ongoing business to reorganize. All matters considered, I find the Debtor has not qualified to file under Chapter 11.

Despite this finding, I deem it necessary to discuss the proposed plan. Debtor plans to include income from a possible re-hiring in Alaska, although he has not worked the job since 1985. This proposed income source is very speculative as well as questionable. The Debtor further wishes to use money gained from logging, yet has a restrictive covenant in his contract that explicitly denies such activity, thereby denying the possibility of this income source. Debtor further proposed to sell his land and then pay off all creditors in full. Yet the Debtor does not propose a liquidating plan, and has not treated his creditors accordingly. From the evidence, I find the plan does not comply with section 1129(a)(11) of the Code, in that it is not feasible, since the debtors failed to sustain their burden of proof that they will be able to make the payments due under the plan. Therefore,

IT IS ORDERED this case is dismissed.