**In re PEOPLES BANKSHARES, LTD., Debtor.**

**PEOPLES BANKSHARES, LTD., Plaintiff,**

**v.**

**DEPARTMENT OF BANKING, Defendant.**

**Bankruptcy No. 86–02217W.**
**Adv. No. 86–0414W.**

United States Bankruptcy Court, N.D. Iowa.

Nov. 14, 1986.

Larry G. Gutz and Eric W. Lam, Cedar Rapids, Iowa, for plaintiff.

Donald G. Senneff and Kevin Kirlin, Atty. General's Office, Des Moines, Iowa, for defendant.

## RULING ON MOTION TO DISMISS

MICHAEL J. MELLOY, Bankruptcy Judge.

Peoples Bankshares, Ltd., filed a Chapter 11 bankruptcy petition (No. 86–02217W) in

this Court on September 30, 1986. The Debtor filed a complaint for declaratory judgment (Adv. No. 86–0414W) on October 6, 1986. The matter before the Court is the defendant Iowa Department of Banking's motion to dismiss the declaratory judgment proceeding.

Having reviewed the arguments of counsel, all pleadings and briefs, the Court makes the following ruling on the Motion to Dismiss.

**Background**

In ruling upon a motion to dismiss, the Court must presume all factual allegations of the complaint to be true. *Miree v. De-Kalb Co., Ga.*, 433 U.S. 25, 27, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557 (1977). The Court can grant a motion to dismiss only when, based upon any set of facts that could be proved consistent with the allegations, no relief can be granted to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984).

Based upon the pleadings filed in this case, as well as the oral arguments made to the Court in connection with the motion to dismiss, the Court finds the Plaintiff has essentially alleged the following factual background. Peoples Bankshares, Ltd. ("Peoples") is an Iowa bank holding company. Essentially the only assets owned by Peoples are five state chartered subsidiary banks. The only other assets of Peoples are items such as office furniture, etc., which are of inconsequential value.

Peoples concedes the subsidiary banks are not sham corporations, nor are they the alter ego of the parent holding company. Each bank has its own board of directors and officers, separate and distinct from the board and officers of Peoples.

The subsidiary banks are subject to the regulatory authority of the Iowa Superintendent of Banking pursuant to Chapter 524, Code of Iowa. This Chapter grants to the Superintendent broad supervisory powers to regulate and control banks within the state of Iowa, including the five subsidiary banks of Peoples. The Superintendent of Banking possesses powers under Chapter 524 to take action in connection with any of the five subsidiary banks that he deems necessary to insure the banks remain financially sound and stable institutions. These powers are such that certain actions by the Superintendent could result in the value of the stock of any one or more of the banks being adversely affected.

Peoples alleges in its complaint that since the only assets owned by Peoples are the shares of stock in the five subsidiary banks, any action by the Superintendent of Banking which would affect the value of that stock could have a negative impact upon Peoples' ability to reorganize.

Peoples has brought this declaratory judgment action to ask the Court to find the Iowa Superintendent of Banking is stayed from exercising his regulatory authority over the subsidiary banks pursuant to 11 U.S.C. § 362 or alternatively is enjoined from exercising that regulatory authority pursuant to 11 U.S.C. § 105. It is the understanding of this Court that the actual relief requested by Peoples is a determination that this Court has the right to issue an injunction against the Superintendent of Banking pursuant to 11 U.S.C. § 105 upon the proper motion for the issuance of an injunction, and not a determination that § 105 enjoins the Superintendent of Banking without further order of this Court.

The Court understands the position of the Superintendent of Banking to be that the provisions of § 362 are not applicable to stay any exercise of the Superintendent's regulatory authority, and that under no circumstances does this Court possess any power to issue an injunction under § 105 to enjoin the Superintendent from exercising that regulatory authority.

**Jurisdiction**

The Department of Banking alleges the Bankruptcy Court has no jurisdiction over this case or controversy and has no personal jurisdiction over the Superintendent of Banking. The Court concludes, for the reasons stated below, that persuasive grounds exist for granting the motion to dismiss. By so doing, the Court need not reach the

underlying issue of jurisdiction over the Superintendent nor the issue of whether the Court has jurisdiction to decide this case or controversy. For purposes of this motion to dismiss, the Court assumes *arguendo* that the Court does have personal jurisdiction over the Superintendent of Banking and that this matter is related to a case in controversy under the Bankruptcy Code so as to confer jurisdiction pursuant to 28 U.S.C. § 1334.

## I.  11 U.S.C. § 362 and § 541

Section 362(a)(1) provides that a bankruptcy filing acts as a stay against, *inter alia,* all actions against the debtor.

■ The Debtor in the case at bar is Peoples Bankshares, Ltd., and § 362(a)(1) operates to stay all actions against this corporation. The five state banks are separate, distinct entities which are not debtors in bankruptcy court. The Debtor concedes that the five state banks are not sham corporations nor alter egos of the Debtor, but each has its own valid corporate identity. Thus the automatic stay of actions against a debtor pursuant to § 362(a)(1) does not apply to the five state banks which are controlled by Peoples Bankshares.

The main thrust of Peoples' complaint concerning the automatic stay provisions of § 362 relates to § 362(a)(2) and (a)(3). Those sections act as a stay against, *inter alia,* actions against the property of debtor's bankruptcy estate. Peoples argues the potential regulatory action to be taken by the Superintendent of Banking is directed at property of the bankruptcy estate and is thus stayed by §§ 362(a)(2) and (a)(3).

■ Section 541 provides the definition of property of the estate, actions against which are stayed by § 362(a). There is no dispute that the Debtor owns all or nearly all of the outstanding shares of stock in the five state banks. But such ownership does not make the banks themselves property of the bankruptcy estate. Although a debtor owns 100 percent of the stock of a corpora-

tion, the property interest of the debtor's bankruptcy estate extends only to the intangible personal property rights represented by the stock certificates; the technical, legal distinctions between corporations will be respected and applied with reference to the automatic stays of actions against property of the estate. *In re Loughnane,* 28 B.R. 940, 942 (Bkrtcy.D. Colo.1983). *See, also, In re Venture Properties, Inc.,* 37 B.R. 175, 177 (Bkrtcy.D.N. H.1984); *In re Nashville Album Productions, Inc.,* 33 B.R. 123, 124 (M.D.Tn.1983).

In addition, the Court in *Venture Properties* addressed the issue of a corporate debtor's tangential interest in the property of a related corporate entity, holding that the debtor's status as general partner gave it justifiable concern for the disposition of the partnership's assets, but not a sufficient "interest" as to be within the scope of § 541. 37 B.R. at 136. Consequently, the automatic stay of actions against property of the estate does not apply to the Banking Department's regulatory authority over the five state banks.

In summary, this Court concludes none of the provisions of § 362(a) are applicable to the exercise of the Superintendent of Banking's regulatory authority over the five subsidiary banks owned by Peoples. In light of this conclusion, it is not necessary for this Court to address the issue of whether the exception to the automatic stay found in § 362(b)(4) is applicable to the Superintendent of Banking's regulatory powers.

## II.  11 U.S.C. § 105

■ Bankruptcy Code § 105(a) provides the authority to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11. Notwithstanding the inapplicability of § 362 to the five state banks controlled by Peoples Bankshares, § 105(a) may be used to enjoin suits or actions against non-debtors which are related to a case under Title 11, such as those which interfere with the bankruptcy reorganization process. *In re Otero Mills, Inc.,* 25 B.R. 1018, 1021 (D.N.

M.1982) (affirming bankruptcy judge's permanently enjoining bank from executing or otherwise collecting upon its state court judgment against president of debtor corporation and guarantor of two loans made by the bank to the debtor); *In re Johns-Manville Corp.*, 52 B.R. 879, 890 (Bkrtcy.S. D.N.Y.1985) (action brought by equity security holders committee and stockholders seeking to compel debtor to hold shareholders meeting was enjoined, as state court action would have adverse impact on debtor's ability to formulate acceptable plan of reorganization); *In re N–REN Corp.*, 64 B.R. 773, 778 (Bkrtcy.S.D.Oh.1986) (preliminary injunction granted against state court action by creditor against wholly owned subsidiary of debtor, where, *inter alia*, the creditor itself alleged in the bankruptcy court that the debtor was alter ego of the subsidiary corporation).

The usual test for determining whether a civil proceeding is related to a bankruptcy proceeding is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. *In re Dickenson Lines, Inc.*, 47 B.R. 653, 656 (Bkrtcy.D.Minn.1985). Whether, in the case at bar, the Department of Banking's exercise of regulatory authority over the five state banks could conceivably have any effect on the Debtor's bankruptcy estate is a matter of factual development not available to the Court on the record as presently developed.

If the subsidiary corporations in this case were not banks, the factual allegations made by Peoples would normally be sufficient to overcome a motion to dismiss. However, because of the impact of § 109, that section must also be analyzed in determining whether the motion to dismiss filed by the Superintendent of Banking is to be granted.

### III.   11 U.S.C. § 109

■ 11 U.S.C. § 109(b)(2) excepts from eligibility for bankruptcy relief banks, savings banks, savings and loan associations, and other similar institutions. Banking institutions are excluded from bankruptcy

eligibility because alternate provision is made for them under various regulatory laws. 2 *Collier on Bankruptcy* ¶ 109.02 (15th Ed.1986). It is difficult to imagine a more clear statement of congressional intent; the bankruptcy court shall not have jurisdiction over banks for purposes of liquidation or reorganization. *Matter of Bankers Trust Co.*, 566 F.2d 1281, 1286 (5th Cir.1978).

■ Nonetheless, the Debtor urges this Court to skirt the proscription of § 109(b)(2) by arguing that the Court may take jurisdiction over the five state banks as assets of the Peoples Bankshares bankruptcy estate. However, the Court is greatly influenced by the purpose of this statute, the breadth with which it names the institutions covered, and the financial and public policy ramifications of divesting those officers of state government, possessed with both expertise and authority to regulate state chartered banks, from the power to do so.

While the *Bankers Trust* case, *supra*, was decided under the provisions of the Bankruptcy Act, the applicable statutory sections have not been significantly altered in the 1978 Code. This Court finds the analysis concerning the jurisdictional issue set forth in that case to be extremely persuasive. In light of § 109(b)(2) and the entire analysis, *supra*, this Court concludes the complaint filed by Peoples should be dismissed for failure to state any claim upon which any relief can be granted to Peoples Bankshares, Ltd.

### ORDER

The Motion to Dismiss Adversary No. 86–0414W, filed by the defendant Iowa Department of Banking, is granted and the adversary proceeding is dismissed.