In re JARAX INTERNATIONAL, INC., Debtor.

Jeanette E. TAVORMINA, Trustee, Plaintiff,

v.

CAPITAL FACTORS, INC., and Capital Bank, Defendants.

Bankruptcy No. 86–04029.
Adv. No. 88–0567–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 29, 1993.

Irving M. Wolff, P.A., Miami, FL, for trustee.

Jeanette E. Tavormina, Trustee, North Miami Beach, FL.

Michael W. Ullman, Ullman & Ullman, P.A., North Miami Beach, FL, for Capital Factors, Inc.

Gregory A. Martin, Coffey, Aragon, Martin, Burlington and Serota, P.A., Miami, FL, for Capital Bank.

## ORDER DISPOSING OF THE TRUSTEE'S AND THE DEFENDANTS' CROSS MOTIONS FOR SUMMARY JUDGMENT

A. JAY CRISTOL, Chief Judge.

THIS CAUSE came before the Court for hearing on February 4, 1993, on the motion of the Defendants, Capital Factors, Inc. and Capital Bank ("DEFENDANTS"), for summary judgment and on the cross motion for summary judgment of the Plaintiff, Jeanette E. Tavormina, Trustee in Chapter 7 ("TRUSTEE") for the Debtor, Jarax International, Inc. ("DEBTOR"). In her Second Amended Complaint, the TRUSTEE seeks to avoid and to recover preferential transfers, fraudulent transfers, and post-petition transfers. Further, she seeks to assess surcharges against the DEFENDANTS, to subordinate the claims of the DEFENDANTS, and to recover monetary damages and to obtain declaratory relief.

According to the record, the DEBTOR and the DEFENDANTS entered into a factoring agreement on February 28, 1986. (C.P. # 151). Pursuant to the agreement, the DEFENDANTS made cash advances to the DEBTOR, and in exchange, the DEBTOR gave the DEFENDANTS a security interest in its accounts receivables. (Factoring Agreement, Exhibit B attached to Second Amended Complaint). Subsequently, the

DEFENDANTS filed the necessary documents to perfect their security interest under Florida law. (C.P. # 151). The factoring agreement provided that the invoices directed to the account debtors of the DEBTOR would indicate that payment should be forwarded to the DEFENDANTS. (Factoring Agreement, Exhibit B attached to the Second Amended Complaint). Further, the agreement stipulated that any money paid to the DEBTOR by its account debtors would be held in trust for the benefit of the DEFENDANTS. *Id.*

In time, the DEBTOR's financial position began to deteriorate, and on September 23, 1986, it filed a bankruptcy petition under Chapter 11. For at least one year prior to the filing of the petition, the DEBTOR transferred to the DEFENDANTS the proceeds generated from the liquidation of the DEBTOR's accounts receivables to satisfy the DEFENDANTS' claim against the DEBTOR for the cash advances made under the factoring agreement. (C.P. # 151). After the filing of the petition, the Debtor in Possession collected monies from the DEBTOR's account debtors and continued to transfer these proceeds to the DEFENDANTS until the case was converted to a Chapter 7 proceeding on September 10, 1987. (C.P. # 151). Papers filed by the parties to this adversary proceeding reveal that, as of the conversion of this case to Chapter 7, the DEFENDANTS were undersecured creditors of the DEBTOR.

## THE BURDEN FOR SUMMARY JUDGMENT

Pursuant to Bankruptcy Rule 7056(c), a motion for summary judgment must demonstrate that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. In opposing a motion for summary judgment, the non-moving party may not rest upon mere allegations, but must demonstrate an issue of disputed material fact by rebutting any facts

1. Count I has been resolved in a separate hearing. As such, this Order only deals with Counts II–VII of the TRUSTEE's Second Amended Complaint.

2. § 506(c) provides in relevant part,

presented by the moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970). According to the United States Supreme Court, summary judgment is mandated if, after adequate time for discovery, the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party would bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Overall, in considering a motion for summary judgment, a court must determine whether there is evidence on which the finder of fact could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

## COUNT II: SURCHARGE & DECLARATORY RELIEF [1]

A. Pursuant to § 506(c) of the Bankruptcy Code [2], the TRUSTEE seeks to impose a surcharge on the DEFENDANTS for the expenses incurred by the Debtor in Possession in collecting the proceeds of the DEBTOR's accounts receivables subsequent to the filing of the Chapter 11 petition in bankruptcy. In reviewing the record and the papers submitted by the parties to this adversary proceeding, it is apparent that employees of the Debtor in Possession worked to collect outstanding accounts receivables for the benefit of the DEFENDANTS. (C.P.# 151). This Court finds that, in these collection efforts, the Debtor in Possession expended monies which otherwise would have been distributed to the other creditors of the DEBTOR.

Consequently, this Court rules that the TRUSTEE has sustained her burden under B.R. 7056(c) for summary judgment in showing that the DEFENDANTS are liable to the TRUSTEE under § 506(c) for the expenses incurred by the Debtor in Posses-

(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit of the holder of such claim.

sion in collecting the accounts receivables proceeds. However, because the facts are unclear as to the precise amount expended by the Debtor in Possession in this regard, the Court further rules that the parties have not sustained their burden under B.R. 7056(c) for summary judgment as to the amount for which the DEFENDANTS are liable to the TRUSTEE. Accordingly, the Court **GRANTS** the TRUSTEE's motion for summary judgment in part as to the issue of the DEFENDANTS' liability for the monies expended by the Debtor in Possession in collecting the accounts receivables proceeds and DENIES the parties' cross motions for summary judgment as to the amount for which the DEFENDANTS are liable.

■ B. Pursuant to § 506(c) of the Bankruptcy Code, the Trustee seeks to impose a surcharge on the DEFENDANTS for the fees, costs, and expenses incurred by the TRUSTEE in bringing this adversary proceeding to preserve the property of the estate. However, for the reasons discussed *infra*, the Court finds that the proceeds which the TRUSTEE seeks to recover for the benefit of the estate are not property of the estate. As such, the TRUSTEE may not recover these proceeds under the avoidance provisions of the Bankruptcy Code. 11 U.S.C. §§ 547–49 (1992). Since the TRUSTEE's efforts to preserve the estate by avoiding the transfer of these proceeds have not proven to be successful, the Court finds that the TRUSTEE cannot recover the fees, costs, and expenses incurred in bringing this adversary proceeding. Therefore, this Court rules that the DEFENDANTS have sustained their burden under B.R. 7056(c) for summary judgment in showing that the TRUSTEE may not impose a surcharge under § 506(c) for administrative expenses. Accordingly, the Court GRANTS the DE-

FENDANTS' motion for summary judgment on this issue of surcharge for administrative expenses.

■ C. Pursuant to §§ 506(a), (b), (c), the TRUSTEE moves this Court to enter a declaratory judgment as to the amount, validity, priority, and extent of the lien of the DEFENDANTS on the accounts receivables of the DEBTOR. While the parties agree that the DEFENDANTS have duly perfected their security interest under Florida law, the parties are not in agreement as to the exact amount by which the DEFENDANTS were unsecured (under-secured). According to the DEBTOR's Account Summary, the DEFENDANTS were unsecured by the amount of $847,125.06. (Memorandum of Law Submitted by the TRUSTEE in Support of Her Motion for Summary Judgment, Exhibit T). On the other hand, the DEFENDANTS fail to state the precise amount by which they are unsecured. Therefore, because the facts are unclear as to the nature and extent of the DEFENDANTS lien, the Court rules that neither party has sustained its burden under B.R. 7056(c) for summary judgment on this issue. Accordingly, the Court **GRANTS** the **DEFENDANTS'** motion for summary judgment as to the issue of whether the DEFENDANTS have a perfected security interest and DENIES the parties' cross motions for summary judgment on the issue of the nature and extent of the DEFENDANTS' lien.

### COUNT III/COUNT VII: PREFERENTIAL TRANSFER [3]

■ The TRUSTEE seeks to avoid the pre-petition transfer of accounts receivables proceeds from the DEBTOR to the DEFENDANTS as preferential transfers under Section 547(b) of the Bankruptcy Code.[4] To

---

**3.** Count VII deals with what the TRUSTEE refers to as a triangular preference. Since the rules which apply to Count III also apply to Count VII, this Court will dispose of these Counts in this section dealing with preferential transfers.

**4.** § 547(b) provides in relevant part, [T]he Trustee may avoid any **transfer of an interest of the debtor in property**—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the tie of such transfer was an insider; and

successfully avoid a transfer of property under Section 547(b), the TRUSTEE must show, *inter alia*, that there has been a "transfer of an interest of the debtor in property". 11 U.S.C. Sec. 547(b). As such, the TRUSTEE's argument turns on whether the DEBTOR retained an interest in the proceeds of the accounts receivables when the transfer was made to the DEFENDANTS.

In addressing the issue of what constitutes a preferential transfer, the United States Supreme Court has stated that a court must look to the effect of the transfer in question on the bankruptcy estate. *Begier v. I.R.S.,* 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990); *National Bank of Newport v. National Herkimer County Bank,* 225 U.S. 178, 32 S.Ct. 633, 56 L.Ed. 1042 (1912). The Supreme Court has further held, "[The] purpose of the [preference] provision is to preserve property includable within the [estate]", i.e. property that would have been part of the estate but for the transfer. *Begier,* 496 U.S. at 58, 110 S.Ct. at 2263. According to the Supreme Court, there must be a depletion of the estate for there to be a preferential transfer. *Herkimer,* 225 U.S. at 184, 32 S.Ct. at 635.

■ The Eleventh Circuit has established a test to determine whether a transfer of property has caused a depletion of the bankruptcy estate. *In re Chase & Sanborn Corp.,* 813 F.2d 1177 (11th Cir.1987). According to the Eleventh Circuit, "any funds under the control of the debtor, ... are properly deemed to be the debtor's property, and any transfers that diminish that property are subject to avoidance [under Section 547(b) ]." *In re Chase & Sanborn,* 813 F.2d at 1181. Therefore, where the debtor cannot exert control over property, such property cannot be the subject of a preferential transfer. *Id.*

■ A review of the factoring agreement between the DEBTOR and the DEFENDANTS shows that the DEFENDANTS held a security interest in the proceeds of the DEBTOR's accounts receivables that was

duly perfected under Florida law. (C.P.# 151). Under F.S. § 679.503, the DEBTOR only retained control over that portion of the value of the accounts receivables which exceeded the value of the DEFENDANTS' security interest. However, it is undisputed that the DEFENDANTS were undersecured creditors, and as such, there was no surplus in the value of the accounts receivables over which the DEBTOR could exert control.

■ Further evidence of the DEBTOR's lack of control over the proceeds of the accounts receivables is found in the fact that all invoices directed to the DEBTOR's account debtors instructed them to forward payment to the DEFENDANTS. (Factoring Agreement, Exhibit B attached to the Second Amended Complaint). That is, the account debtors of the DEBTOR were specifically instructed to forward payment to the DEFENDANTS and not to the DEBTOR. Since, subsequent to the factoring agreement, the DEBTOR, could no longer exert influence over the flow of payment from its account debtors, the DEBTOR lacked control over the accounts receivables proceeds.

In addition, the factoring agreement provided that any payment inadvertently forwarded to the DEBTOR by its account debtors would be held in trust for the benefit of the DEFENDANTS. (Factoring Agreement, Exhibit B attached to Second Amended Complaint). In *In re Inca Materials,* 880 F.2d 1307,1311 (11th Cir.1989), the Eleventh Circuit held that property which a debtor holds in trust for the benefit of a third party does not become part of the bankruptcy estate. Therefore, the fact that any monies received by the DEBTOR from account debtors were held in trust by the DEBTOR for the benefit of the DEFENDANTS is further evidence that the DEBTOR could not exert the control over the proceeds necessary to support a finding that they constituted property of the estate.

(5) that enables such creditor to receive more than such creditor would receive if—
   (A) the case were a case under Chapter 7 of this title ...

(emphasis added).

Therefore, because the transferred funds were not "under the control of the DEBTOR" as required by the Eleventh Circuit, the Court finds that the transfer of the proceeds of the accounts receivables did not cause a depletion of the bankruptcy estate. Where the debtor cannot exert control over the property (accounts receivables), such property cannot be the subject of a preferential transfer. *In re Chase & Sanborn*, 813 F.2d at 1181. As such, this Court rules that the DEFENDANTS have sustained their burden under Bankruptcy Rule 7056(c) for summary judgment in showing that the transfer of the accounts receivables proceeds may not be avoided as a preference under Section 547(b). Accordingly, the Court **GRANTS** the **DEFENDANTS'** motion for summary judgment on this issue dealing with § 547(b).

## COUNT IV: FRAUDULENT TRANSFER

■ The TRUSTEE also seeks to avoid the pre-petition transfer of accounts receivables proceeds from the DEBTOR to the DEFENDANTS as fraudulent transfers under Section 548(a) of the Bankruptcy Code.[5] In considering the issue of whether a transfer of property may be avoided as a fraudulent transfer, the Eleventh Circuit has held that "the rules established in the avoidable preference cases are applicable to a certain extent in the context of fraudulent transfers." *In re Chase & Sanborn*, 813 F.2d at 1181. According to the court, a transfer may be avoided under Section 548 only where there has been a transfer of an interest of the debtor in property, i.e. the transfer must cause a depletion of the bankruptcy estate. *Id.* Further, as with Section 547, a court must apply the control test to

determine whether a transfer has caused a depletion of the estate. *Id.*

■ As discussed *supra*, this Court finds that there has been no transfer of an interest of the DEBTOR in property because the DEBTOR lacked the requisite control over the funds to satisfy the Eleventh Circuit's control test. As such, the Court rules that the DEFENDANTS have sustained their burden under Bankruptcy Rule 7056(c) for summary judgment in showing that the transfer of the accounts receivables proceeds may not be avoided as a fraudulent transfer under Section 548(a). Accordingly, the Court **GRANTS** the **DEFENDANTS'** motion for summary judgment on the issue dealing with § 548(a).

## COUNT V: POST–PETITION TRANSFER

■ The TRUSTEE also seeks to avoid the post-petition transfer of accounts receivables proceeds from the Chapter 11 Debtor in Possession to the DEFENDANTS as avoidable post-petition transfers under Section 549(a).[6] According to the Eighth Circuit, a central issue in determining whether a transfer of property is avoidable under Section 549 is whether there has been a transfer of an interest of the debtor in property. *In re Russell*, 927 F.2d 413, 417–18. (8th Cir.1991).

As discussed *supra*, this Court finds that there has been no transfer of an interest of the DEBTOR in property because the DEBTOR lacked the requisite control over the funds to satisfy the Eleventh Circuit's control test. As such, this Court rules that the DEFENDANTS have sustained their burden under Bankruptcy Rule 7056(c) for

---

5. § 548(a)(1) provides in relevant part,

> (a) The Trustee may avoid **any transfer of an interest of the debtor in property,** or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>   (1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted . . .

6. § 549(a) provides in relevant part,

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a **transfer of property of the estate—**
>   (1) that occurs after the commencement of the case; and
>   (2)(A) that is authorized only under § 303(f) or § 542(c) of this title; or
>   (B) that is not authorized under this title or by the court.
> (emphasis added).

(emphasis added).

summary judgment in showing that the transfer of the accounts receivables proceeds may not be avoided as an avoidable post-petition transfer under Section 549(a). Accordingly, the Court **GRANTS** the **DEFENDANTS'** motion for summary judgment on the issue dealing with § 549.

## COUNT VI: EQUITABLE SUBORDINATION

■ Pursuant to § 510(c) of the Bankruptcy Code [7], the TRUSTEE seeks to subordinate DEFENDANTS' claim to the claims of the other creditors of the DEBTOR. As a preliminary issue, this Court must determine whether any part of the DEFENDANTS' claim is subject to equitable subordination. In considering a similar issue, the First Circuit held that § 510(c) may not be used to avoid a transfer of property. *Max Sugarman v. A.D.B. Investors*, 926 F.2d 1248, 1253 n. 10 (1st Cir.1991). The court reasoned that this provision is simply a means by which to subordinate "allowed claims" and does not constitute a tool by which the TRUSTEE may recover property which has been transferred. *Id.* This Court is persuaded by the reasoning of the First Circuit, and therefore, it rules that the only portion of the DEFENDANTS' claim which is subject to subordination under § 510(c) is the amount by which they were unsecured, i.e. that portion remaining after the transfer of the accounts receivables proceeds' was completed.

■ To succeed in her efforts to subordinate the DEFENDANTS' unsecured claim, the TRUSTEE must satisfy a three prong test. *Matter of Lemco Gypsum*, 911 F.2d 1553, 1556 (11th Cir.1990). First, the TRUSTEE must show that the DEFENDANTS have engaged in inequitable conduct. Second, the TRUSTEE must show that the other creditors of the DEBTOR have been injured as a result of the DEFENDANTS' inequitable conduct. *Id.* Finally, the TRUSTEE must show that subordination is consistent with the other provisions of the Bankruptcy Code. *Id.*

■ In reviewing the record, it is unclear as to whether the DEFENDANTS have engaged in the inequitable conduct necessary to meet the first prong of the *Lemco* test. While the TRUSTEE alleges in her Second Amended Complaint that the DEFENDANTS have engaged in fraudulent conduct, this Court finds that the facts supporting these allegations are entirely in dispute. Moreover, the record is completely unclear as to whether the other creditors of the DEBTOR have been injured as a result of the conduct of the DEFENDANTS. The second prong of the *Lemco* test has not been satisfied because there is no clear indication as to whether monies which otherwise would have been distributed to the other creditors was not so distributed as a consequence of the alleged inequitable actions of the DEFENDANTS. Consequently, the parties have failed to sustain their burden under B.R. 7056(c) for summary judgment on the equitable subordination claim. Accordingly, the Court **DENIES** the parties' cross motions for summary judgment on the issue dealing with equitable subordination. Accordingly it is

**ORDERED** that:

1. As to Count II, the **TRUSTEE's** motion for summary judgment is **GRANTED** as to the issue of the DEFENDANTS' liability to the TRUSTEE under § 506(c) for the monies expended by the Debtor in Possession in collecting the accounts receivables proceeds on behalf of the DEFENDANTS subsequent to the filing of the Chapter 11 petition in bankruptcy. Further, the **DEFENDANTS'** motion for summary judgment is **GRANTED** as to the issue of the DEFENDANTS' liability to the TRUSTEE under § 506(c) for the monies expended by the TRUSTEE in bringing this adversary proceeding to preserve the estate and as to the issue that the DEFENDANTS' possess a perfected security interest. In all other re-

---

7. § 510(c) provides in relevant part,

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest ...

spects, the cross motions of the parties are **DENIED** as to Count II.

2. As to Counts III, IV, V, and VII, the **DEFENDANTS'** motion for summary judgment is **GRANTED**.

3. As to Count VI, the cross motions of the parties are **DENIED**.

4. The parties shall schedule a hearing to resolve the remaining issues which shall be limited to the amount for which the DEFENDANTS are liable under § 506(c) for the expenses incurred by the Debtor in Possession in collecting the accounts receivables proceeds subsequent to the Chapter 11 petition; the nature and extent of the security interest held by the DEFENDANTS in the accounts receivables proceeds of the DEBTOR; and the appropriateness of subordinating the DEFENDANTS unsecured claim under § 510(c).

**DONE and ORDERED.**