**SULLIVAN GRAPHICS, INC., Appellee,**

v.

**BOARD OF REVIEW OF the COUNTY OF IOWA, State of Iowa, and David Jennings, Chairman of the Board of Review of the County of Iowa, State of Iowa, Appellants.**

No. 94–472.

Supreme Court of Iowa.

May 24, 1995.

Rehearing Denied June 21, 1995.

James E. Brick and Douglas F. Staskal of Brick, Gentry, Bowers, Swartz, Stoltze, Schuling & Levis, P.C., Des Moines, for appellants.

Dean R. Einck, Richard G. Hileman, and Gilda L. Boyer of Simmons, Perrine, Albright & Ellwood, L.L.P., Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LARSON, Justice.

The narrow question in this case is whether the purchase of 100% of the shares in a corporation constitutes an "acquisition" of the corporation's equipment and machinery for purposes of applying Iowa Code section 427B.17 (1993) (maximum valuation of thirty percent for certain property "acquired" after January 1, 1985). The district court ruled that the stock purchase qualified as an acquisition of the machinery and equipment, but we disagree.

The facts were stipulated. Sullivan Graphics, Inc. owns a printing plant in Marengo, Iowa. It owns industrial machinery and equipment used in the printing business and located on the premises.

All of the shares of the corporation (which was then known as GBP Industries) were purchased on July 27, 1989. In connection with the purchase, all of the machinery and equipment were appraised, and the appraisal value was considered in setting the price of the shares of stock.

Iowa Code section 427B.17 provides in relevant part:

**Property subject to special valuation.**

For property defined in section 427A.1, subsection 1, paragraphs "e" and "j", acquired or initially leased on or after January 1, 1982, the taxpayer's valuation shall be limited to thirty percent of the net acquisition cost of the property. For purposes of this section, "*net acquisition cost*" means the acquired cost of the property including all foundations and installation cost less any excess cost adjustment.

It is undisputed that the property in question here qualifies as property "defined in section 427A.1."

The sole issue is one of law: Whether the reduced value provision of Iowa Code section 427B.17 applies when the machinery and equipment themselves are not transferred, but all of the stock of the corporation owning the machinery and equipment is transferred.

Sullivan, the taxpayer, argues that the conveyance of 100% of the shares in a corporation that owns machinery and equipment results in an "acquisition" for purposes of this section just as effectively as if it had been conveyed by a bill of sale. The Board of Review of Iowa County, which denied the request for special valuation, counters that the actual ownership of the machinery and equipment has never changed. It has always been owned by Sullivan, or its predecessors under different names, since its original purchase.

■ It is the general rule that property acquired by a corporation belongs to the corporation, not to its shareholders. *See Regal Ins. Co. v. Summit Guar. Corp.*, 324 N.W.2d 697, 703 (Iowa 1982); I William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 31, at 555 (perm. ed. rev. vol. 1990).

There is a distinction between corporate and individual properties and titles. The property of the corporation is its property, and not that of the stockholders, as owners, but they have equities in it or it is affected with a trust for them, and by their stockholdership they bear a relationship to the corporation and to each other. That is to say, the capital or assets of the corporation are its property, and the shares evidenced by the stock certificates are the properties of the holders, which do not carry the capital property or any profits until they have been declared and vested as dividends, after which they are stockholders' property. Thus earnings and profits still in the possession of a corporation belong to the corporation the same as its property generally and there is nothing due and owing a stockholder as a matter of

debt or property until a dividend is declared in an appropriate manner.

Fletcher § 31, at 555.

The problem arises from the statute's use of the word "acquire" that, as Sullivan and the district court note, has a broad meaning. It is defined in the dictionary, for example, as "to come into possession, control, or power of disposal of often by some uncertain or unspecified means." Webster's Third New International Dictionary 18 (3d ed. 1986).

Under this broad dictionary definition of the term "acquire," even abandoned property found by a taxpayer would be "acquired" by him, yet this is obviously not the kind of acquisition envisioned by section 427B.17. This section bases its valuation on "net acquisition cost."

Sullivan argues that, as a practical matter, it should make no difference whether the property is transferred directly or through the acquisition of shares. However, there are countervailing practical concerns. Among them is the fact that the acquisition of shares of a corporation is not the same as acquisition of the equipment and business of the corporation; many other assets of the corporation ordinarily would be involved in the purchase of the shares. In addition, and perhaps most important, the shareholders are not the "owners" of the property for tax purposes; the assessment of the property and the resulting taxes on it are not directed to the shareholders but to the corporation. The shareholders are only indirectly affected by it because they have never "acquired" it for tax purposes. As the board points out, no one could seriously argue that a shareholder could be held liable for an injury occurring through the use of such a machine.

We hold that the purchase of the shares of stock in a corporation that owns machinery and equipment does not constitute an "acquisition" for purposes of section 427B.17. We reverse the ruling of the district court and remand for entry of a judgment accordingly.

**REVERSED AND REMANDED.**