In re Joseph Albert CASSIS, III, Joyce Anne Cassis, Debtors.

**CAMBRIDGE TEMPOSITIONS, INC. and Cornerstone Press, Inc., Plaintiffs,**

v.

**Joseph Albert CASSIS, III and Joyce Anne Cassis, Defendants.**

Bankruptcy No. 97–03206–C.

Adversary No. 98–9021–C.

United States Bankruptcy Court, N.D. Iowa.

May 4, 1998.

D.J. Smith, Cedar Rapids, IA, for Plaintiffs.

Rush Shortley, Hiawatha, IA, for Defendants.

## ORDER RE DEBTORS' MOTION TO DISMISS

PAUL J. KILBURG, Bankruptcy Judge.

This matter came on for hearing before the undersigned on April 14, 1998 on Debtors' Motion to Dismiss. Attorney D.J. Smith appeared for Plaintiffs Cambridge Tempositions, Inc. and Cornerstone Press, Inc. Attorney Rush Shortley appeared for Debtors/Defendants Joseph and Joyce Cassis. After the presentation of arguments of counsel, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution.

### STATEMENT OF THE CASE

Plaintiffs are listed as unsecured creditors in Debtors' schedules. Their complaint states that Debtor Joseph Cassis is President and Chief Operating Officer of N2N, Inc. Plaintiffs assert that Debtors sold the major asset of N2N Inc. in June 1997. Plaintiffs provided goods and services to N2N.

The Complaint asserts that Debtors' transfer of the N2N asset was done with the

intent to hinder, delay or defraud them as creditors of N2N. Plaintiffs object to discharge of their claims under § 523(a)(2)(A) based on Debtors' fraudulent transfer of the N2N asset, they object to discharge of Debtors under § 727(a)(2), and they seek to avoid the transfer as fraudulent under § 548.

Debtors move to dismiss on the following grounds:

(1) The Court does not have jurisdiction over the § 548 claim seeking to avoid a transfer of corporate property in this individual Chapter 7 case. The property is not property of the estate.

(2) Plaintiffs do not have standing to bring a § 548 action to avoid a transfer; that is only available to the Chapter 7 Trustee.

(3) Denial of Debtors' discharge or exception of claims from discharge is not appropriately based on a transfer of corporate property.

(4) Plaintiffs have failed to state a claim against Debtor Joyce Cassis. The Complaint does not allege she had any role in the corporation or the transfer of corporate property.

## STATEMENT OF THE LAW

Debtor moves to dismiss under Fed. R.Civ.P. 12(b)(6). "Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts that would entitle relief." *WMX Technologies, Inc. v. Gasconade County,* 105 F.3d 1195, 1198 (8th Cir.1997). In considering a motion to dismiss, the court must construe the complaint liberally and assume all factual allegations to be true. *WMX Technologies,* 105 F.3d at 1198 (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). The court reviews only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. *Terra Indus., Inc. v. Commonwealth Ins. Co.,* 990 F.Supp. 679, 682–83 (N.D.Iowa 1997). It must reject conclusory allegations of law and unwarranted inferences. *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997).

## SUBJECT MATTER JURISDICTION, § 548

Debtors assert that the Court lacks subject matter jurisdiction to avoid the transfer of assets of N2N, Inc. Plaintiffs' Complaint states this is a core proceeding under 28 U.S.C. § 157(b)(2)(H), "proceedings to determine, avoid, or recover fraudulent conveyances", and (J), "objections to discharges". There is no doubt this Court has core jurisdiction over claims asserted under § 523(a) and § 727(a). Debtors argue no claim for avoidance of a fraudulent transfer under § 548 exists because the subject property is not property of the estate which avoidance would make available to creditors of the estate.

■ Whether a cause of action will impact administration of the bankruptcy estate is one factor courts consider in determining whether core jurisdiction exists. *In re Bingham Sys., Inc.,* 139 B.R. 809, 814 (Bankr. N.D.Miss.1991); *In re Holthaus,* No. 96–61345KW, Adv. 96–6178KW, slip op. at 4–5 (Bankr.N.D.Iowa Dec. 10, 1996). Another factor to consider in determining whether a proceeding is core is whether the cause of action would exist independently outside of the bankruptcy proceedings. *In re Nationwide Roofing & Sheet Metal, Inc.,* 130 B.R. 768, 775 (Bankr.S.D.Ohio 1991).

■ Because Plaintiffs are asserting a claim under § 548, the Court has core jurisdiction. No cause of action exists under § 548 outside of bankruptcy. It is more appropriate to determine whether the Complaint states a § 548(a) claim upon which relief can be granted and whether Plaintiffs have standing to assert such a claim than to dismiss based on a lack of subject matter jurisdiction.

## STANDING RE § 548 CLAIM

■ The question of whether creditors have standing to assert a claim under § 548 to avoid a fraudulent transfer was recently addressed in *In re Lauer,* 98 F.3d 378, 388 (8th Cir.1996). The court noted that under the terms of § 548, only the trustee can assert such a claim. *Id.* The cause of action belongs to the trustee as the representative

of all unsecured creditors and the bankruptcy estate is the real party in interest. *In re Perkey,* 194 B.R. 846, 848 (Bankr.W.D.Mo. 1996).

> Absent evidence that the trustee cannot be relied upon to assert such claims, claims to avoid preferential transfers may not be brought by creditors. The courts in this circuit have consistently followed this rule and have held that individual creditors of the bankruptcy estate do not have standing to assert claims of voidable transfers.

*Lauer,* 98 F.3d at 388; *see also Nebraska State Bank v. Jones,* 846 F.2d 477, 478 (8th Cir.1988) (affirming dismissal of action based on creditor's lack of standing to invoke avoidance power); *In re Merrifield,* 214 B.R. 362, 365 (8th Cir. BAP 1997) (finding Chapter 13 debtor lacked standing to bring § 548(a) avoidance action).

In *In re Feldhahn,* 92 B.R. 834, 835 (Bankr.S.D.Iowa 1988), the court considered a creditor's standing to pursue avoidance under § 547. It found that generally creditors cannot exercise a trustee's avoidance powers. *Id.* at 836. The trustee should be allowed to weigh the merits of the action, the likelihood of success, the litigation costs and the net benefit to the bankruptcy estate. *Id.* The court must determine if the trustee's failure to bring the avoidance action is unjustifiable and accordingly an abuse of discretion. *Id.* at 835; *see also In re The Gibson Group, Inc.,* 66 F.3d 1436, 1442 (6th Cir.1995) (stating that perhaps the most important prerequisite is a finding that the trustee has abused discretion).

### AVOIDANCE OF FRAUDULENT TRANSFER, § 548

One of the basic requirements of bringing a claim to avoid a transfer under § 548(a) is that there is a "transfer of an interest of the debtor in property". 11 U.S.C. § 548(a). In *In re Newman,* 875 F.2d 668, 671 (8th Cir. 1989), the court concluded that a transfer of partnership property could not support an avoidance claim under § 549(a) in an individual Chapter 7 case. Assets held by the partnership were not included in the debtors' bankruptcy estate. *Id.* at 670.

■■■ There must be a depletion of the estate for there to be an avoidable transfer under § 548 or § 549. *In re Jarax Int'l, Inc.,* 164 B.R. 180, 185 (Bankr.S.D.Fla.1993). Ownership of stock in a corporation does not mean that the corporation is property of the estate. *In re Peoples Bankshares, Ltd.,* 68 B.R. 536, 539 (Bankr.N.D.Iowa 1986). The extent of a debtor's interest in property is determined by state law. *In re Cedar Rapids Meats, Inc.,* 121 B.R. 562, 567 (Bankr. N.D.Iowa 1990). Technical, legal distinctions between corporations and shareholders will be respected in bankruptcy cases. *Peoples Bankshares,* 68 B.R. at 539. A debtor's property interest as a shareholder of a corporation is limited to rights represented by the stock certificates. *Id.* Dismissal of a § 548(a) claim was affirmed in *In re Miner,* 185 B.R. 362, 367 (N.D.Fla.1995), *aff'd,* 83 F.3d 436 (11th Cir.1996), where corporate property was transferred and the debtor was a shareholder of the corporation. The court concluded that because the debtor had no interest in the property transferred, no § 548(a) claim existed as a matter of law. *Id.*

### DENIAL OF DISCHARGE, § 727(a)(2)

■■■ Plaintiffs' Complaint bases its request that the Court deny Debtors' their discharge on the transfer of assets of the corporation, N2N, Inc. Similar to a claim under § 548(a), one of the necessary elements of denial of discharge under § 727(a)(2)(A) is that the debtor has transferred "property of the debtor." 11 U.S.C. § 727(a)(2)(A). Under this section, the transfer must be of property in which the debtor has a direct proprietary interest. *In re Thurman,* 901 F.2d 839, 841 (10th Cir. 1990). In *Thurman,* the court found that the debtor should not be denied his discharge based on the transfer of assets of a corporation in which the debtor was a fifty percent shareholder and was one of three directors. *Id.* at 842. A debtor who is a shareholder in a corporation will not be denied a discharge based on transfer of or injury to corporate property. *In re Cummins,* 166 B.R. 338, 358 (Bankr.W.D.Ark.1994). The plaintiff has the burden to establish that the property is property of the estate. *Id.* It is not because the

debtor/shareholder is not the owner of property of the corporation. *Id.* The property interest of the debtor and the debtor's estate is limited to the stock certificates. *Id.; see also Peoples Bankshares,* 68 B.R. at 539.

Most courts considering whether a transfer of corporate property supports denial of discharge in an individual debtor's case have concluded it does not. Even though a debtor may have caused a corporation to fraudulently transfer assets, that conduct does not support denial of discharge because the debtor has not transferred his own property. *In re Srour,* 138 B.R. 413, 419 (Bankr. S.D.N.Y.1992); *see also In re Magnani,* No. 96–52510XS, Adv. 96–5244XS, slip op. at 11–12 (Bankr.N.D.Iowa Aug. 12, 1997) (granting summary judgment on § 727(a)(2) claim where alleged transfer was of partnership property) *In re Woodhead,* 172 B.R. 628, 633 (Bankr.D.Neb.1994) (holding that § 727(a)(2)(A) does not apply to transfer of assets of corporation in which debtor is shareholder); *In re Russell,* 121 B.R. 16, 18 (Bankr.W.D.Ark.1990) (holding that trustee has no authority to retain corporate assets in which debtor is 82 percent shareholder); *In re Hoffman,* 70 B.R. 155, 160 (Bankr. W.D.Ark.1986) (stating property of corporation is not property of the estate of the debtor); *contra In re Benjamin,* 210 B.R. 203, 211 (Bankr.M.D.Fla.1997) (denying discharge based on transfer of property of corporation; court considered it to be property of the debtor who was president and 25 percent shareholder of corporation).

## CORPORATION LAW

Plaintiffs' brief argues that N2N, Inc. is Debtors' alter ego. They ask the court to disregard the corporate form and find that the property transferred is actually property of Debtors. Central to corporation law is the concept that a corporation is an entity separate and distinct from its shareholders. *In re Manchester Hides, Inc.,* 45 B.R. 794, 799 (Bankr.N.D.Iowa 1985). As a general rule, property of the corporation belongs to the corporation, not to the shareholders. *Sullivan Graphics, Inc. v. Board of Review,* 533 N.W.2d 213, 214 (Iowa 1995). Stockholders of a corporation are not entitled

to any of its property until corporate debts, secured or unsecured, are paid. *Citizens' State Bank v. Victoria Sanatorium,* 179 Iowa 671, 161 N.W. 664 (1917).

This concept of the separateness of the corporation from its shareholders is subject to the rule that the corporate device cannot in all cases insulate the owners from personal liability. *Manchester Hides,* 45 B.R. at 799.

A corporation's existence is presumed to be separate, but can be disregarded if (1) the corporation is undercapitalized, (2) without separate books, (3) its finances are not kept separate from individual finances, individual obligations are paid by the corporation, (4) the corporation is used to promote fraud or illegality, (5) corporate formalities are not followed or (6) the corporation is merely a sham.

*Id.* at 800 (quoting *Lakota Girl Scout Council, Inc. v. Havey Fund–Raising Management, Inc.,* 519 F.2d 634, 638 (8th Cir.1975)); *see also C. Mac Chambers Co. v. Iowa Tae Kwon Do Academy,* 412 N.W.2d 593, 598 (Iowa 1987). Traditionally, piercing the corporate veil allows a claimant to show that an individual hiding behind the corporation is liable to creditors of the corporation. *Stoebner v. Lingenfelter,* 115 F.3d 576, 579 (8th Cir.1997). "Reverse piercing" seeks to disregard the corporate form to show the individual behind the corporation received value which can be attached by the individual's creditors. *Id.*

## EXCEPTION FROM DISCHARGE, § 523(a)(2)(A)

Plaintiffs additionally assert a claim under § 523(a)(2)(A). That section states "a discharge … does not discharge an individual debtor from any debt … to the extent obtained by … false pretenses, false representation, or actual fraud." In this Circuit, a creditor proceeding under § 523(a)(2)(A) must prove the following elements:

(1) the debtor made false representations;

(2) at the time made, the debtor knew them to be false;

(3) the representations were made with the intention and purpose of deceiving the creditor;

(4) the creditor justifiably relied on the representations; and,

(5) the creditor sustained the alleged injury as a proximate result of the representations having been made.

*In re Van Horne,* 823 F.2d 1285, 1287 (8th Cir.1987), as modified by *Field v. Mans,* 516 U.S. 59, 74–75, 116 S.Ct. 437, 446, 133 L.Ed.2d 351 (1995).

## CONCLUSIONS

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H), (I) and (J). Plaintiffs do not have standing to assert a claim under § 548 to avoid a fraudulent transfer in this matter. They are listed in Debtors' schedules as unsecured creditors. The Complaint fails to state that the Chapter 7 Trustee is unable or unwilling to bring the claim. After the hearing, Plaintiffs provided the Court with a copy of a letter from the Trustee stating that he will not commence a § 548 action or intervene in this one. The letter further states Trustee bases this decision "on my earlier review of the facts underlying the complaint." Even if it would be appropriate for the Court to consider the contents of this letter in ruling on Debtors' Motion to Dismiss, Plaintiffs have alleged no facts which establish this decision is an abuse of the Trustee's discretion. Plaintiffs' claim under § 548 must be dismissed based on a lack of standing to assert such a claim.

Dismissal is also appropriate for failure to state a claim. Viewing the complaint in the light most favorable to Plaintiffs, it fails to allege that Debtors transferred property of debtors. Thus, neither the § 548(a) avoidance claim nor the § 727(a)(2)(A) denial of discharge claim can survive this Motion to Dismiss.

The Court cannot look outside the pleadings in ruling on a motion to dismiss. The Complaint itself merely states that Debtor Joseph Cassis, President and Chief Operating Officer of N2N, Inc., sold the major asset of the corporation. Plaintiffs fail to make any allegation in the Complaint that any of the factors for disregarding the corporate

entity exist in this case. Neither avoidance under § 548(a) nor denial of discharge under § 727(a)(2) can be based on a transfer of corporate property. Dismissal of these claims is appropriate.

The Complaint fails to sufficiently allege the elements of a claim under § 523(a)(2)(A). Plaintiffs do not assert that their claims arose from money or services Debtors obtained by fraud. The Court concludes the § 523(a)(2)(A) claim is also subject to dismissal for failure to state a claim.

The foregoing applies equally to both Debtors. Debtors have also argued that Debtor Joyce Anne Cassis should be dismissed as a defendant in this proceeding. The Complaint does not allege that Joyce Cassis has any affiliation or interest in N2N, Inc. It does not state that she was in any way involved with the transfer of the assets of N2N, Inc. Viewing the Complaint in the light most favorable to Plaintiffs, the Court concludes that Plaintiffs have failed to state a claim against Debtor Joyce Cassis and she should be dismissed as a defendant.

**WHEREFORE,** Plaintiffs' claim under § 548(a) is DISMISSED, based on Plaintiffs' lack of standing and their failure to state a claim.

**FURTHER,** the claim under § 727(a)(2) is DISMISSED for failure to state a claim.

**FURTHER,** the claim under § 523(a)(2)(A) is DISMISSED for failure to state a claim.

**FURTHER,** Debtor Joyce Anne Cassis is DISMISSED as a defendant in this proceeding.