Sarah E. DAWSON, Debtor.

Norman Durns, Darlene Durns, Plaintiffs,

v.

Sarah E. Dawson, Defendant.

Bankruptcy No. 00–01534–W.
Adversary No. 00–9121–W.

United States Bankruptcy Court,
N.D. Iowa.

June 20, 2001.

John S. Pieters, Jr., Jesup, IA, for defendant.

Don E. Gottschalk, Cedar Falls, IA, for plaintiffs.

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

PAUL J. KILBURG, Chief Judge.

On May 18, 2001, the above-captioned matter came on for telephonic hearing on Debtor's Motion for Summary Judgment. Attorney Don E. Gottschalk appeared for Plaintiffs Norman and Darlene Durns. Attorney John Pieters, Jr., appeared for Defendant/Debtor Sarah E. Dawson. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

Debtor asserts her discharge makes Plaintiffs' dischargeability action moot. Further, Debtor asserts that Plaintiffs' complaint, if alleging fraud, does not plead with sufficient particularity to comply with Federal Rule Civil Procedure 9(b).

## FINDINGS OF FACT

Debtor and her husband were partners in Randall's Home Improvements. On May 25, 1999, Plaintiffs contracted with Debtor for home improvements and made a $7500 down payment. Debtor never started the work. Debtor did not return the down payment. Debtor endorsed the down payment check and commingled the down payment into her personal checking account. Debtor and her husband ultimately used the money for personal expenses. On May 31, 2000, in an action arising from the down payment for the construction project which was never started, the Black Hawk County District Court entered judgment in favor of Plaintiffs against Debtor. Debtor filed her Chapter 7 Petition June 19, 2000. The first meeting of creditors was scheduled for July 31, 2000. Plaintiffs, pro se, filed their dischargeability complaint July 25, 2000 and filed an amended complaint July 31, 2000. Debtor listed Plaintiffs' judgment as an unsecured claim on her Schedule F as well as in paragraph four of the Statement of Financial Affairs. On October 3, 2000, Debtor was granted a discharge.

By court order on December 8, 2000, Plaintiffs were granted a 30 day extension within which to recast and serve the complaint. Prior to the December 8, 2000 hearing, Plaintiffs hired attorney Don E. Gottschalk. On April 30, 2001, Debtor moved to dismiss, asserting that her October 3, 2000 discharge effectively voids Plaintiffs' judgment against her and that the complaint fails to state a claim upon which relief can be granted. Plaintiffs resist, stating that the complaint raises the issue of fraud.

## DISCHARGEABILITY OF DEBT

A pending complaint to determine dischargeability of debt is not affected by the granting of a discharge because the relief sought in the complaint is exception of the debt from discharge. *In re Asbury*, 250 B.R. 59, 65 (Bankr.D.Md.2000). Section 524 bars any action for the collection of all debts except for those debts excepted from discharge under § 523(a). 11 U.S.C. § 524(a).

Section 523(a) lists a number of debts that by their nature are excepted from discharge and provides that a discharge does not discharge an individual from those debts. *In re Anderson*, 72 B.R. 495, 496 (Bankr.D.Minn.1987). An adversary complaint filed before or after discharge is an action for declaratory judgment on the issue of exception to dis-

charge, rather than an action to collect a discharged debt. *Id.* at 496.

Debtor's argument that the October 3, 2000 Discharge Order prevents the court from determining the dischargeability of the Judgment is without merit. The granting of a discharge is a separate and distinct matter from a determination of what debts are included in the discharge. Entry of the discharge does not affect this timely action to determine whether the debt is excepted from discharge.

## FAILURE TO PLEAD WITH PARTICULARITY

■ "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Gunderson v. ADM Investor Servs. Inc.*, 85 F.Supp.2d 892, 910 (N.D.Iowa 2000). Bankruptcy Rules 7008 and 7009 adopt Federal Civil Procedure Rules 8 and 9 respectfully. Rule 8 requires a "short and plain statement" that gives the recipient notice of the action. An adversary complaint alleging fraud under § 523(a)(2)(A) must state with particularity the circumstances constituting fraud to comply with the more rigid standard of pleading required under Rule 9(b).

■ In some instances, courts apply a less rigid standard for pleading fraud in bankruptcy proceedings. *In re Boyt Ltd. Partnership*, No. 96–42688M, slip op. at 4 (Bankr.N.D. Iowa June 16, 1999). "Dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiffs can prove no set of facts that would entitle relief." *In re Cassis*, 220 B.R. 979, 982 (Bankr.N.D.Iowa 1998). Debtor's motion to dismiss for failure to plead fraud with particularity is equivalent to a motion to dismiss for failure to state a

claim under 12(b) made applicable by its adoption in Bankruptcy Rule 7012. *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir.1993).

■ In deciding a motion to dismiss for failure to state a claim upon which relief can be granted, courts may consider documents attached to or incorporated in the complaint. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Alleged facts are sufficient to support an inference of fraud if the facts identify circumstances that indicate conscious behavior on the part of the defendant. *Id.* at 1018–19. "Whether a pleading satisfies the particularity requirement of Rule 9(b) depends upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse [party] and enable [the party] to prepare a responsive pleading." *Boyt Ltd. Partnership*, No. 96–42688M, slip op. at 4. Circumstances constituting fraud within the meaning of Rule 9(b) are the facts telling when and where the alleged fraud took place, who was involved, the nature of the fraudulent action and how it was accomplished. *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 549–50 (8th Cir.1997).

Plaintiffs must assert that their claims arose from money Debtors obtained by fraud. *Cassis*, 220 B.R. at 985. Plaintiffs, in their Resistance to Motion for Summary Judgment, claim fraud as the issue raised in the complaint. The findings of the Iowa District Court in the May 31, 2000 judgment, attached to the complaint, set forth material facts which imply a basis of fraud sufficient to survive a motion to dismiss. These facts include: (1) Debtor and her husband were partners in Randall's Home Improvement, (2) the partnership failed to return the $7500 down payment, and (3)

Debtor misappropriated the down payment when she commingled the money in her personnel bank account and used these funds for personal expenses.

 The complaint may also meet the intentional tort exception under § 523(a)(6). The court has the duty to examine the complaint to see if any possible theory for relief exists. *In re Peed,* No. 92–31408XF, slip op. at 3 (Bankr.N.D.Iowa Feb. 17, 1993). Section 523(a)(6) provides that debts for "willful and malicious injury by the debtor to another entity" can be excepted from discharge. 11 U.S.C. § 523(a)(6). "[N]ondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

 Willful and malicious are two distinct elements and each must be proven by the plaintiff in order to receive an exception to discharge. *In re Scarborough,* 171 F.3d 638, 641 (8th Cir.), *cert. denied* 528 U.S. 931, 120 S.Ct. 330, 145 L.Ed.2d 258 (1999). The "willful" element of § 523(a)(6) requires Plaintiff to show that Debtor intended the injury. *Geiger,* 523 U.S. at 61, 118 S.Ct. 974. Reckless or negligent conduct is not sufficient. *Id.* at 62, 118 S.Ct. 974. The "malicious" element of § 523(a)(6), requires Plaintiff to show that Debtors' conduct was targeted at her, at least in the sense that the conduct was certain or almost certain to cause her harm. *Id.* The Court may look at the likelihood of harm in an objective sense to evaluate Debtors' intent in finding malice. *In re Long,* 774 F.2d 875, 881 (8th Cir. 1985).

 The judgment attached to the complaint implies facts which provide evidence that Debtor's behavior may have been more than reckless. Whether these acts where done with the requisite malice would be a determination made at the dischargeability hearing.

There is no question that Debtor is on notice of the specific nature of the action and the facts upon which the objection to dischargeability is based. Limited transactions between Debtor and Plaintiff and the specificity of the judgment attached to the complaint limit the scope of the complaint. Case history of some leniency in the Eighth Circuit for fraud pleadings demonstrates the court's preference for deciding cases on the merits rather than dismissing for a pleading technicality.

Plaintiffs' complaint is sufficient, by incorporating the prior judgment which states with particularity facts that imply fraud and/or an intentional tort, to survive a Summary Judgment Motion.

**WHEREFORE,** Debtor's Motion for Summary Judgment is DENIED.