

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2004

# In Re Peluso

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re Peluso " (2004). *2004 Decisions.* Paper 870.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/870

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-1805
_____

IN RE:
Angelo R. Peluso,
 Debtor


EILEEN K. PELUSO,

Appellant
v.

ANGELO R. PELUSO


_____


On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-3524)
District Judge: Honorable Garrett E. Brown, Jr.

_____


Argued December 18, 2003


Before: ROTH, MCKEE AND CUDAHY,[*] Circuit Judges.

(Filed: April 6, 2004)

---

[*] The Honorable Richard D. Cudahy, Circuit Court Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

Matthew A. Peluso, Esquire (Argued)
Stryker, Tams & Dill
Two Penn Plaza East
Newark, NJ 07105

      Counsel for Appellant


Linda J. Schwimmer, Esquire (Argued)
Markowtiz, Gravelle & Schwimmer
3131 Princeton Pike
Lawrenceville, NJ 08648

      Counsel for Appellee

———————————————

OPINION

———————————————

ROTH, <u>Circuit Judge</u>:

Eileen Peluso appeals the District Court's order affirming the Bankruptcy Court's order denying her motion to avoid the sale of property. The procedural history of this case and the details of appellant's claims are well-known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, appellant's ex-husband filed for divorce and later filed for bankruptcy. Appellant filed a motion in the Bankruptcy Court to avoid the sale of a flea market which was owned by a corporation in which her husband had a forty-nine percent share. The Bankruptcy Court denied the motion. Appellant appealed to the District Court which affirmed the order. Appellant filed a timely notice of appeal and we have jurisdiction under 28 U.S.C. § 158(d).

Our review of the District Court's and the Bankruptcy Court's legal conclusions is plenary, and we review the Bankruptcy Court's factual findings under the clearly erroneous standard. In re Indian Palms Associates, Ltd.,61 F.3d 197, 203 (3d Cir. 1995). We need not reach the issue of whether the challenge to the sale is more properly brought in an adversary complaint rather than a motion because we agree with the District Court that the motion fails on the merits.

The majority of appellant's argument relies on her assertion that the state court in the divorce action found that she and her ex-husband had a joint marital interest in the flea market. However, we agree with the District Court that the Family Court never found that Mr. Peluso had an individual ownership interest in the flea market. Rather, the state court found that appellant was entitled to a fifty-percent share of her husband's forty-nine percent interest in the corporation which owned the flea market. "Under all of these circumstances, Mrs. Peluso is entitled to a share of plaintiff's interest in P&H Enterprises." App. at 70a. Thus, the flea market was not a part of Mr. Peluso's bankruptcy estate, see In re Cassis, 220 B.R. 979, 983 (Bankr. N.D. Iowa 1998), and the Bankruptcy Court lacked jurisdiction to void the sale. We also agree with the District Court that the Bankruptcy Court did not have jurisdiction over the liquidation of the non-debtor corporation's assets.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's March 6, 2003, order.

3